Blackford, J.
J.— O’Hara brought an action of trespass for an injury done to liis mare by the defendant; Plea, not guilty. *275 Verdict for tlie plaintiff. Motion for a new trial overruled, and judgment on the verdict.
The evidence shows the following fact's: The defendant had a field in which corn was growing, inclosed by a good fence. The defendant, finding the plaintiff’s mare in the field late at night, set his dogs on her, one a small dog, the other a large, fierce one, and thus drove her out of the field. The mare was bit in the nose by one of the dogs, and in running from them, had a snag run into her, which, in a day or two, caused her death.
The defendant moved the Court to instruct the jury, that if they believed from the evidence that the mare was trespassing on his field of corn; that he used ordinary care and diligence in driving her from the field; apd that he did not intend to injure her; they should find for him. This instruction was lightly refused. There are two objections to it, 1st, It was not applicable to the case. There was no evidence, that the defendant used ordinary care and diligence in ^driving the mare from his premises. The evidence on the subject is the other way; 2d, It was not essential to the support of the action, that the defendant intended to injure the mare. If a person unlawfully injure another’s property, he is liable to an action for the damage, without regard to the intention with which the act was done. It is upon that principle, that even a lunatic is liable, civiliter, for a trespass against the person or property of another. Weaver v. Ward, Hobart, 134; Haycraft v. Creasy, 2 East, 92, per Ld. Kenyon.
The Court gave the following instruction: If the defendant hunted the mare from the field with a dog, and she was thereby injured, he is liable for the damages. This instruction was objected to. The law on the subject is stated in Bacon’s Abr., as follows: If J. S. chase the beast of J. N. with a little dog out of land in the ¡¡ossession of J. S., an action of trespass does not lie, inasmuch as J. S. has an election to do this, or to dis-train the beast. But if J. S. chase the beast of J. N. with a mastiff dog out of land in the possession of J. S., and any *276 hurt be thereby done to the beast, this action does lie; the chasing with such a dog being unlawful.” Bae. Abr. tit., Trespass, E. According to that doctrine, the instruction given was not strictly correct; but still we do not consider that to be u sufficient reason for reversing the judgment in this case. We have the evidence before us, and as it fully sustains the verdict, the objection to the instruction is not material. The evidence shows that the defendant chased the mare out of his field with a large, fierce dog, which was an unlawful act, and he must beheld liable for the injury which that act occasioned.
J. G. Marshall, for the plaintiff.
II. P. Thornton and A. C. Griffith, for the defendant.
Per Curiam.—The judgment is affirmed, with 5 per cent. damages and costs.