May Term,
1856.

THE INDE-
PENDENCE
AND OXFORD
PLANK-ROAD
COMPANY
v.
DOTY.

---

THE INDEPENDENCE AND OXFORD PLANK-ROAD COMPANY
*v.* DOTY.

A general assignment of errors is bad.

It was assigned for error in a cause, that the Court erred in refusing to grant a new trial; but the evidence was not in the record, nor was a special case made, under s. 347, 2 R. S., p. 116. *Held*, that so far as related to the evidence, no notice could be taken of the assignment.

An assignment of errors was as follows: The Court erred in instructing the jury, and also in refusing to instruct them. *Held*, that the assignment was not a special one.

Where the record does not contain the evidence, the instructions of the Court, if pertinent to the issue, and not clearly erroneous under any state of facts, will be presumed to have been applicable to the case made.

A refusal of instructions will not be held erroneous, though pertinent to the issue, if the evidence is not embodied in the record showing that they were applicable to the case made by the evidence.

May Term, 1856.

THE INDE-
PENDENCE
AND OXFORD
PLANK - ROAD
COMPANY
v.
DOTY.

Wednesday,
June 11.

APPEAL from the *Warren* Court of Common Pleas.

STUART, J.—A general assignment of errors is bad. *Kimball* v. *Sloss, post,* p. 589.

2. " The Court erred in refusing to grant a new trial." The evidence is not in the record. Nor is there a special case made, under section 347, 2 R. S., p. 116. So far as relates to the evidence, we can take no notice of that assignment.

3. The Court erred in instructing the jury, and also in refusing to instruct. This assignment can not be regarded as special. It is but a general assignment as to the subject of instructions. Admitting, however, that this mode of assignment, without specifying the erroneous instruction given, or that erroneously refused, to be sufficient, in this case it does not avail the appellant. Unless clearly erroneous under any state of facts, we will presume the instructions given, if pertinent to the issue, were applicable to the case made. *Downey* v. *Day,* 4 Ind. R. 531.—*Harvey* v. *Laflin,* 2 *id.* 477.—*Morton* v. *Stevens,* 5 *id.* 519.

So with the refusal of instructions. Even if pertinent to the issue, yet if the record does not show that they were applicable to the case made by the evidence, the refusal is not error. The question of applicability can not be determined in this Court, unless the evidence is in the record. In favor of the ruling of the Court below, we must presume they were not applicable to the case made. *Amick* v. *O'Hara,* 6 Blackf. 258. — *Fuller* v. *Wilson, id.* 403.— *Clark* v. *Wildridge,* 5 Ind. R. 176.

That a party should seek to bring his case here on the law, abstracted from the evidence, implies a distrust of the general merits. And the Courts can not but feel, and

perhaps should not disregard, the fact thus implied. It has hitherto been courteously clothed in the presumption arising in favor of the action of the lower Court. That is, no doubt, sufficient; and it may perhaps as well be left there, without raising any supplemental ground to sustain the giving or refusal of instructions.

*Per Curiam.*—The judgment is affirmed, with 10 per cent. damages and costs.

*R. A. Chandler*, for the appellants.

*J. R. M. Bryant*, for the appellee.