*A. Ellison*, for the appellants.

Nov. Term, 1857.

THE INDIANAPOLIS AND CINCINNATI RAILR'D CO. v. CALDWELL.

---

THE INDIANAPOLIS AND CINCINNATI RAILROAD COMPANY *v.* CALDWELL.

9    397
151  613
151  614
151  617

Where stock running at large is killed by a railroad engine, at a point on the road not required by law to be fenced, the rights and liabilities of the parties must be determined by common-law principles.

Nov. Term,
1857.

THE INDIAN-
APOLIS AND
CINCINNATI
RAILR'D CO.
v.
CALDWELL.

The statute providing that the county board shall specify, by order on their records, what animals shall be allowed to run at large on the public common in each township, provides, by implication, that without such order, no animals will be permitted so to run at large; and as this Court cannot judicially know whether such orders exist, it will determine cases where no proof of such order appears, by the general rules of law.

Where such order is shown to have been made, and an animal killed or doing damage, was one licensed to run at large, then the Court will, in connection with that act, consider the act relative to fencing against such animals, and the question whether the legislature can authorize the depasturage of cattle of one man upon the unenclosed lands of another.

And, *semble*, that owners might be required to fence their lands, as a condition precedent to the right to recover damages for trespasses.

Generally, where an injury happens to a party proximately through his own wrong, he cannot recover; but where such injury happens by the proximate wrong of another, he shall be liable, though the remote negligence of the injured party may have contributed to produce it.

Tuesday,
November 24.

APPEAL from the *Decatur* Court of Common Pleas.

PERKINS, J.—Suit by *Caldwell* against the *Indianapolis and Cincinnati Railroad Company*, to recover the value of a cow killed upon the railroad track of said company by her locomotive.

The cow was killed at a point where the railroad was not fenced, and was not, by law, required to be fenced. The cow was running at large.

In such cases it has been held by this Court, that common-law principles must govern in determining the relative rights and liabilities of the parties. 5 Ind. R. 111.— 6 *id.* 141 (1).

But the point is here made that the Court, in thus deciding, overlooked the statute of the state relative to animals running at large, which, it is claimed, abrogates the common law in this state, as to this particular subject. That statute provides (1 R. S. p. 102), that the board of commissioners shall specify, by an entry on their records, what kinds of animals shall be allowed to run at large, on the public commons, in any township in their respective counties. The implication of this statute is, that without such order, no kind of animal has a right to run at large; and as the Supreme Court cannot judicially know what orders are made in the premises, by county boards, it will determine cases, where no proof is made of orders, by the gen-

eral rules of law. No such proof was made in the cases Nov. Term, 1857. heretofore decided: hence, no reference was made to the statute. No such proof is shown in this case: hence, the THE INDIAN-APOLIS AND CINCINNATI RAILR'D CO. v. CALDWELL. statute can have no influence in its determination.

Where it is shown, in a given case, that such an order had been made, and the animal killed, or doing damage, was one licensed to run at large, then the Court will have to consider, in connection with the statute cited, another act, relative to fencing against such animals (1 R. S. p. 292); and also the question of power on the part of the legislature to authorize the depasturage of the cattle of one man upon the unenclosed lands of another—a point we need not here allude to, but in regard to which we may say, that it, perhaps, is not an unreasonable regulation to require owners of property to fence their lands as a condition precedent to the right to recover damages for trespasses upon them (2).

This case, then, will be decided in accordance with the previous rulings of the Court in like cases; which are—

1. That where an injury happens to a party proximately through his own wrong, he cannot recover for it. But—

2. That where such injury happens by the proximate wrong of another, he shall be liable for it, even though the remote negligence of the injured party may have contributed to produce it. Negligence and wrong in one party should not provoke, and will not justify, wantonness and negligence in another. *Wright et al.* v. *Brown*, 4 Ind. R. 95.

This principle runs through every branch of the law. A party, in repelling an assault, must do no more injury to the wrong-doing assailant, than is necessary. A man, in driving trespassing animals from his field, must not set upon them a fierce mastiff, if an inoffensive cur will suffice. 6 Blackf. 258. Nor can he, by violence, reclaim property wrongfully taken or detained from him. *Id.* 375. Such is the general principle. Nevertheless, the law does not, in these cases, attempt to draw a very exact boundary line between proper care on the one hand, and negligence on the other. It will not be extremely rigid in favor of one who is himself a wrong-doer. But where, in case of a

railroad company, there is inexcusable negligence, and damage results, the company will be held liable. This question is left to the jury, or Court, trying the cause. It is a question of fact for the jury, under legal instructions from the Court, if there be a jury; and if there be none, but the Court tries the cause, still more must it be treated here as a question of fact, as this Court will presume that the Court below knew the law, and applied it rightly, in coming to its conclusion upon the facts. In this case, the Court tried the cause, found the facts, and drew from them the deduction that they established inexcusable negligence; and we must respect its conclusion, it not being entirely unsupported by the evidence.

*Per Curiam.*—The judgment is affirmed with 1 per cent. damages and costs.

*J. S. Scobey* and *W. Cumback*, for the appellants (3).

*J. Gavin* and *O. B. Hord*, for the appellee (4).

(1) See *The Indianapolis and Cincinnati Railroad Company* v. *Kinney*, 8 Ind. R. 402.

(2) See *Myers* v. *Dodd, Ante,* 290, and notes.

(3) Counsel for the appellant cited *The L. and Ind. Railroad Co.* v. *Shriner*, 6 Ind. R. 141; *Williams* v. *N. A. and Salem Railroad Co.*, 5 id. 111; *The Towanda Railroad Co.* v. *Munger*, 5 Denio, 255; *Haring* v. *The New York and Erie Railroad Co.*, 13 Barb. S. C. 9, 15; *Marsh* v. the same company, 4 id. 364.

(4) Counsel for the appellee cited *Wright* v. *Gaff*, 6 Ind. R. 416; *Williams* v. *The New Albany and Salem Railroad Co.*, 5 id., 112; *Wright* v. *Brown*, 4 id. 96.