Nov. Term,
1859.

The New Albany and Salem Railroad Company *v.*
Powell.

Where the summons commanded the officer to summon the *New Albany, &c.,
Railroad Company*, and the return was, "served as commanded, by copy
given to conductor *P.*, conductor on express train," it was *held*, in a suit for
killing stock, brought under the statute of 1853, that service was sufficiently
shown.

Where no affidavit for a continuance appears in the record, the refusal of a
continuance cannot be held error on appeal.

APPEAL from the *Pulaski* Circuit Court.

*Friday,
December 9.*

Hanna, J.—This was a suit commenced before a justice
of the peace, by *Powell* against the appellants, for dam-
ages for animals killed by the cars, &c., of the said appel-
lants, where there was judgment for the plaintiff, and also
in the Circuit Court on appeal.

The errors assigned are—

1. That the Circuit Court should have sustained the
motion of the defendant to dismiss the cause.

The record shows that this motion was placed upon the
ground that there was not a sufficient service; that a sum-
mons issued to any constable, &c., commanding him to
summon the "*New Albany and Salem Railroad Company*,
their agent, or attorney*," &c.; and the return is, "served as
commanded by copy given to conductor *Putnam*, conduc-
tor on express train."

Without stopping to inquire whether the motion made
would reach a defect in the service, if such existed, we are
of opinion the service is sufficiently shown, under the stat-
ute of 1853, p. 113. Same appellants v. *Grooms*, 9 Ind.
R. 245.

It is insisted that the return should show that the person
to whom the copy was delivered was, at that time, a con-
ductor on a train passing through said county. Keeping
in view the form of the command in the summons, we
think the return does show that fact. It was served as
commanded on a conductor—the conductor of an express
train.

2. The Court should have sustained the motion of defendants to continue, &c.

There is no affidavit in the record in support of the motion. Without a proper affidavit, the ruling of the Court was right.

The other two reasons assigned, are based upon the ruling of the Court on the motion for a new trial, &c., and have reference to the evidence, &c. The record does not profess to contain all the evidence, and we cannot, therefore, determine the points attempted to be made.

So far as any other questions are raised in the case, they have been already settled in the case of the same appellants v. *Tilton*, 12 Ind. R. 3, and the same v. *Maiden*, *id.* 10.

*Per Curiam.*—The judgment is affirmed with 5 per cent. damages and costs.

*W. G. Cooper*, for the appellants.

*D. D. Pratt*, for the appellee.