*D. Nation* and *C. M. Anthony*, for appellee.

Nov. Term, 1860.

THE PRESIDENT. &c. OF THE OHIO AND MISSISSIPPI RAILROAD Co. v. GULLETT.

--- • ---

THE PRESIDENT AND DIRECTORS OF THE OHIO AND MISSIS-SIPPI RAILROAD COMPANY *v.* GULLETT.

Suit to recover for injuries received, while standing on the platform of one of the stations of the railroad company, by the falling of wood from a train of the company, passing the station, alleged to have been carelessly loaded, run and managed. The defendant answered : 1. That the injury was the result of the plaintiff's own negligence ; 2. That the train was skillfully loaded and managed ; but, that by reason of frost upon the rails, and a down-grade, it could not be checked in passing the station, and that the injury happened without any fault of the defendant.

*Held*, that if the injury was the result of carelessness on the part of the plaintiff, and could have been avoided by the exercise of ordinary vigilance, he was not entitled to recover.

Nov. Term,     APPEAL from the *Dearborn* Circuit Court.
1860.          HANNA, J.—*Gullett* sued the company for injuries by him
THE PRESI-     received, from wood falling off a passing train of defendant.
DENT, &c. OF   He averred that he went upon a platform, by the side of the
THE OHIO AND
MISSISSIPPI    track of defendant's road, to talk with a friend who was then
RAILROAD CO.   expecting to take passage on a train of defendant's, "as he
    v.         had lawful right to do; the said platform having been erected
GULLETT.       for the accommodation of persons getting on and off the cars
*Friday,*      at that station, and being a place to which not only such
*January* 25.  passengers, but their friends and the public generally, by
               common usage and the license of said company, had a right
               to, and were accustomed to resort, especially just before the
               arrival of the passenger trains on said road." He further
               averred, that in consequence of the careless manner in which
               the wood was loaded and the cars run and managed—that
               they were going at a great rate of speed—the wood was thrown
               off, and struck the plaintiff, &c.

Answer, first, denial; second, that if the plaintiff was injured, it was the result of his own negligence, &c.; third, that at the time, &c., the train, although in good order, carefully loaded and well manned, and although all reasonable care, &c., was used, became and was unmanageable in consequence of the rails being covered and affected by frost, rain and sleet, and the track having considerable descent at the point where, &c.; wherefore the injury was accidentally caused, without any fault of said defendant, &c. Reply, in denial. Trial, verdict and judgment for plaintiff.

The questions we are asked to consider arise upon instructions given and refused.

Instructions were asked and refused, presenting two points, which were not included in the instructions given, namely: 1. That if the injury was the result of the carelessness of the plaintiff, and could have been avoided by the exercise of ordinary vigilance, he should not recover. 2. That ordinary care only is necessary to be used by the road under the circumstances, &c., and that the plaintiff could not recover without proving gross negligence, or willful misconduct.

The evidence is in the record, and, it appears to us, the

Nov. Term, 1860.

THE PRESIDENT, &c. OF THE OHIO AND MISSISSIPPI RAILROAD CO.
v.
GULLETT.

instructions were pertinent, if they expressed the law of the case.

As to the first point, there was an issue made upon it, and evidence given by both parties; by the plaintiff, that the train passed the station at a higher rate of speed than usual, indeed, at a rate dangerous even to those managing the train; that a curve in the road obstructed the view in the direction of the approaching train, except for a short distance; and that alarm signals were not given in nearing the station: by the defendant, that the plaintiff was on a platform, thirty feet long, three wide, and one high, near and parallel with the track; that the train was of twenty cars, carefully loaded with wood; that the track descended for some twelve miles, near the half way of which the station was situate; that upon arriving at the descent, the brakes were applied, upon a signal from the engineer; that he continued to repeat such signals until the arrival of the train at the termination of the descent, but that, in consequence of the condition of the track, from rain, sleet, and frost, which had fallen upon it that morning, the train became unmanageable, and could not be checked by the brakes, although there was one on each car, in good order; that it was not usual for a wood train to stop at way-stations.

As between the plaintiff and the defendant, under these circumstances, the first instruction should most certainly have been given; and we are inclined to the opinion that the second should also have been given, as the circumstances, alluded to, would appear to imply that the plaintiff was himself guilty of some degree of negligence, in remaining so near the track during the passage of a train at the rapid speed here shown. But as to the last point, we do not decide it, as the judgment will have to be reversed, because of the failure to give the first instruction. See, as to these points, *Railroad* v. *Norton*, 24 Penn. R. 465; *Wynn* v. *Allard*, 5 Watts & Serg. 524; *Kerwhacker* v. *C. C. and Cin. R. W.*, 3 Ohio State R. 172, 188; *Trow* v. *Ver. C. R.*, 24 Vt. R. 487; 19 Conn. 566; 23 *id.* 437; *Lynch* v. *Nurdin*, 1 Ad. & El. 29; *Davies* v. *Mann*, 10 M. & W. 546; *Illidge* v. *Goodwin*, 5 C. & P. 190; *Bridge* v. *Gr. Jun. R. W.*, 3 M. & W. 244; *Macon and*

Nov. Term. *W. R. R.* v. *Davis*, 18 Georgia R. 679, 686; *Runyon* v.
1860.     *Cin. R. W.*, 1 Dutcher, 556.

BEARD       *Per Curiam.*—The judgment is reversed, with costs.  Cause
v.       remanded, &c.
THE FIRST
PRESBYTER'N   *T. Gazley* and *W. S. Holman*, for appellants.
CHURCH, &c.  *Philip L. Spooner*, for appellee.