The judgment is reversed, with costs. Cause remanded.

*John A. Matson* and *James A. Scott*, for the appellant.

*D. R. Eckles*, for the appellee.

---

## THE TOLEDO AND WABASH RAILWAY CO. *v.* THOMAS.

A railroad company is only required to make and keep up a legal fence, such an one as good husbandmen generally keep.

Where such a fence is maintained by the company, it is not liable for stock killed, except as at common law, for negligence.

If the negligence of the owner of stock contributed to the immediate injury causing loss, he can not recover for it against the company.

APPEAL from the *Warren* Common Pleas.

PERKINS, J.—Suit by *Thomas* against the railroad company to recover for stock killed on the track of their road. Judgment for the plaintiff.

The evidence is in the record. But three witnesses were examined, and, according to the record, all on the part of the plaintiff.

The following facts are proved, and they are all that are material: Six head of cattle, worth 20 dollars a head, were found dead on the railroad track about daylight on the morning of the 17th of *November,* 1857, and were supposed to have been killed by the machinery of the railroad company. The cattle belonged to the plaintiff. The road was fenced, at the point where the cattle were killed, by a sufficient fence. It was a post and board fence, five boards high, the boards being

on the side of the posts facing the lot, and not that towards the railroad. The posts were oak, the boards pine. The ground, separated from the railroad track by the fence, was a pasture lot of about twelve or fifteen acres, in which were one hundred and twelve cattle. There was no water in the pasture; but along the fence, and within about two feet of it, on the railroad side, ran a little stream of water; and under one panel of the fence, the water, when it had been high, had washed a "hole," as the witnesses call it, about six feet long and two feet deep. The cattle in the pasture had not been watered after, between 1 and 2 o'clock on the 16th, and they undertook to get their heads under the fence, at the hole above mentioned, and reach the water flowing by the railroad side; and when they drew their heads back, their horns, catching the fence boards, tore them off into the lot. After the three lower boards had been thus torn off, the cattle passed out on to the railroad track and were killed. It is manifest from all the circumstances, which we need not enumerate, that this is the manner in which they escaped from the pasture. We may properly enough remark that the board of the panel of fence that was partially removed had been broken in the summer, but had been replaced by a sound one before the cattle escaped, according to the testimony. One witness states that plank were off and the fence insufficient two or three weeks before the accident, but another says it had been repaired after that witness saw it. In this case, the cattle were killed at a point where the road was, it seems, sufficiently fenced. Hence the railroad company were not liable because the road was not fenced.

It is not shown that there was any carelessness in running the train. Hence, the road is not liable on this ground.

If the company is liable at all, it is because of negligence in not stopping the hole under the fence. Were they thus negligent?

The Toledo and Wabash Railway Co. *v.* Thomas.

This point does not appear to have been placed before and considered by the jury, as it should have been, and we are not satisfied that justice has been done. Conceding for the purposes of this case that the company was bound to close the opening in question by plank rather than the occupier of the field, by restoring the removed earth, still the questions would arise, how long had the opening existed, how long had the company known of it, and did its existence ever, in fact, render the fence insufficient as against cattle? The company was only bound to make and keep up a legal fence. What is such a fence, the statute defines. 1 R. S., by G. & H., p. 342. It is such an one as "good husbandmen generally keep." And where such a fence exists, and cattle are killed, the railroad company is not liable, except as at common law, for negligence. And in such case, if the cattle are breachy, or the owner leaves them without food or water, and, under the pressure of want of these, the cattle become restless and desperate, and break out and are killed or injured by the railroad machinery, the owner can not recover for them, at least, without proving negligence on the part of the company; and perhaps not then, in all cases. If it could be shown, in a given case, that such negligence of the owner contributed to the immediate injury causing loss, he could not recover for it. We think there ought to be another trial in this case.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded.

*W. Z. Stewart,* for the appellant.

*Brown & Parke,* for the appellee.