*C. Hamlin,* for appellant.

*J. T. Dye* and *A. C. Harris,* for appellee.

———————————•———————————

KNIGHT, Administrator of McKACHAN, *v.* THE TOLEDO AND WABASH RAILWAY COMPANY.

RAILROADS.—INJURY TO ANIMALS.—The owner of a blind horse turned him out upon the common of a town, through which a railroad ran, where he was killed by a passing train. The injury did not occur on any street or alley, and the track was not fenced.

*Held,* that the owner was guilty of gross negligence, amounting to a willingness to suffer the injury complained of, and hence he cannot recover.

APPEAL from the *Wabash* Circuit Court.

GREGORY, J.—Suit to recover the value of a horse killed on the track of the defendant's railway, where the same was not fenced. The horse was killed in the corporate limits of the town of *Wabash,* but not on one of its streets or alleys. The court below, on a special finding and conclusion of law thereon, determined that a railway company was not bound to fence its track within the corporate limits of

a town or city; but on this question, as it is one of importance, and is not necessary for the determination of the case in judgment, we give no opinion. We think the judgment of the court below was right on another ground. The record shows that *McKachan*, being cognizant of all the facts, turned a blind horse out on the common, near the track of the appellee's road, along which trains were passing every few hours, and where the horse was liable to wander on the track at any time, without the ordinary power of avoiding the danger of an approaching train. Under such circumstances, we do not think the party injured can be heard to complain in a court of justice; it would be a violation of one of the maxims of the law. We are aware of the previous rulings of this court, in which it seems to be held that for the killing of stock on an unfenced railway track, a recovery may be had, without regard to the question of diligence on the part of the owner, as well as on the part of the servants of the company. This decision is not in conflict with those rulings, and we shall not now examine their correctness. We think the case at bar one of gross negligence on the part of the owner of the horse, amounting to a willingness to suffer the injury complained of.

The judgment of the court below is affirmed, with costs.

*J. U. Pettit*, for appellant.

*W. Z. Stewart*, for appellee.

