*E. R. Wilson*, for appellant.

---

## SINRAM v. THE PITTSBURGH, FORT WAYNE AND CHICAGO RAILWAY COMPANY.

RAILROADS.—LIABILITY OF OWNER OF CATTLE FOR INJURY TO TRAIN OF CARS.—If the owner of cattle knowingly permits them to wander at large in the vicinity of a railway crossing of a public highway, the road being properly fenced, and they wander upon the track and are run over by a train of cars, without any fault on the part of the servants of the company, and the train is damaged thereby, the owner of the cattle is liable to the company for the injury done.

SAME.—That the board of county commissioners have, under the statute, passed an order allowing cattle to run at large in the county, does not. affect the rights of the parties.

APPEAL from the *Allen* Circuit Court.

GREGORY, J.—The railway company sued *Sinram* in the court below for an injury occasioned to a train of cars by a collision with two cows, the property of the defendant, at the crossing of a public highway. The *gravamen* of the action is, that the defendant carelessly and negligently suffered and permitted his cattle to run at large in the immediate neighborhood of and upon the crossing, knowing the danger to the company of damage thereby. The case was tried upon this agreed statement of facts:

"On the 15th of *August*, 1866, at a crossing of the *Paulding* state road, a public highway, over the railway of the plaintiff, about five miles east of *Fort Wayne*, in *Adams* township, *Allen* county, *Indiana*, the plaintiff was running a gravel train, in daily use at that point, along her railroad, and when running the train at proper speed, and without any negligence on her part, and when the train had approached the highway within one hundred feet, two cows belonging to the defendant suddenly ran upon the track of the railroad, at and upon the crossing of the highway, and collided with and were run over and killed by the train, which could not be prevented by the servants of the company running the train, thereby throwing the train from the track. and injuring and damaging the same to the amount of five thousand dollars, and without the plaintiff's fault or neglect. The road was properly fenced, and proper cattle-guards placed by the company on each side of the crossings for several miles each way. The defendant was not present, and had no actual knowledge of the fact that the cattle were on the crossing at the time of the collision, but had before that time, for one year, resided within one-fourth of a mile of the crossing, and knowing that the plaintiff was running the gravel train several times, at least thrice a day, each way, over the road and the crossing of the public highway, and

that the plaintiff was running at least ten passenger and freight trains over the road and the crossing, each way, every day for the period of one year before and at the time of the collision, had knowingly suffered and permitted the cattle to run at large, pasturing upon common and uninclosed lands on both sides of the road adjoining the railway and near to the crossing and in immediate proximity thereto, during said period, daily using the same, unattended and at their will. The board of commissioners of the county of *Allen* had on the — day of *June* 1855, made an order ' that all cattle, sheep and swine, except bulls, rams and boars, may be allowed to pasture or run at large upon the uninclosed lands or public commons within the bounds of any township in said county of *Allen*.' The cattle were never attended by any one, but wandered at will in pursuit of pasture over said crossing at all times of day and night, and whilst they were so wandering, with the knowledge of the defendant, as aforesaid, over the crossing, the collision in question occurred. The plaintiff had the right of way and was engaged in the lawful operation of her railroad over and across the said highway at the time."

The complaint is not that the appellant unlawfully suffered his cattle to run at large, and therefore the statute, and the order of the board of commissioners made thereunder, allowing cattle to run at large on uninclosed lands and public commons, can have no influence in the determination of this case. The question is: Did the defendant so carelessly and negligently use his own property, to the injury of the plaintiff, as to entitle the latter to recover therefor ?

*Kerwhaker* v. *The Cleveland, Columbus and Cincinnati Railroad Co.*, 3 Ohio St. 172, relied on by the appellant's counsel, was an action of trespass on the case, for the alleged negligence and misconduct of the defendant's agents in conducting and running a locomotive and cars on the defendant's railway track, whereby six hogs, the property of the plaintiff, were killed. It was held, in that case, that the act of the plaintiff in allowing his hogs to be at large in

the neighborhood of the railroad, where they were exposed to the danger of getting upon the railway track, and being injured, was only a remote cause of the injury; and in the voluntary exposure of his property to danger, in the exercise of his lawful rights, he took upon himself the risk of injury to his property by mere accident, but not the risk of injury by the defendant's negligence. But the facts of the case bear no analogy to this. Here, the defendant lived in the immediate vicinity of a dangerous road-crossing; he knew that his cattle were in the habit of roaming at large across the railway track at this point, at all hours in the day and night, in search of pasture; he was aware of the danger to trains from this cause; he knew that some thirteen trains were passing each way every day. Notwithstanding this knowledge, he permitted his cattle to go at large unattended. It is admitted that the railway company was without fault.

In *Knight, Adm'r, &c.,* v. *The Toledo and Wabash Railway Co.,* 24 Ind. 402, this court held that it was gross negligence for the owner of a blind horse to turn him out upon the common of a town, through which a railroad ran, where he was killed by a passing train.

In *Barnes* v. *Chapin,* 4 Allen 444, it was held that if a sucking colt while following its dam, which is being led by her owner in a highway, is kicked and killed by a horse which has been turned loose in the highway without a keeper, the owner of the colt, if found by the jury to have been in the exercise of reasonable care, may recover damages of the owner of the horse, although the horse was not vicious. The right of the defendant to permit his cattle to pasture on uninclosed lands and public commons conferred no right on him to permit them, unattended, to wander on a dangerous crossing of the railway track, thereby endangering the lives of passengers, and the property of the railroad company. Such an act ought to be a misdemeanor. It certainly is an act of wicked carelessness. It is a maxim of the law that a man is bound to use his own property in such a way as

not to injure that of his neighbor. We think that the ac-, tion of the court below was clearly right.

The judgment is affirmed, with costs.

*J. L. Worden* and *J. Morris*, for appellant.

*R. Brackenridge*, for appellee.

