430 SUPREME COURT OF INDIANA.

The Jeffersonville, Madison, and Indianapolis R. R. Co. *v.* Sweeney.

## THE JEFFERSONVILLE, MADISON, AND INDIANAPOLIS RAILROAD COMPANY *v.* SWEENEY.

RAILROAD.—*Injury to Animals.*—*Fence.*—A railroad company had by its charter the power to take a right of way sixty feet wide, subject to the limitation that where the track was built upon or along a pre-existing public highway, it was required that the highway should be left thirty feet wide.

*Held*, in a suit against the company to recover the value of animals killed by a passing train at a place where there was a space of from forty-five to fifty-five feet between the track and the farther side of such a highway, that the company was required to fence at such place.

APPEAL from the Bartholomew Circuit Court.

This was a suit by the appellee against the appellant, to recover the value of stock killed by a passing train of cars on defendant's railroad. The complaint was in two paragraphs, the first proceeding on the ground that the railroad was not fenced as required by law at the place where the animals were killed; the second, charging that the defendant wilfully and for the malicious purpose of killing said animals, ran over and killed them, &c.

The defendant answered by the general denial, and a special paragraph to which a demurrer was sustained.

The cause was tried by a jury, and a verdict was rendered for the plaintiff.

A motion for a new trial, assigning that the verdict was contrary to law and the evidence, was overruled, and this ruling is assigned as error.

FRAZER, C. J.—The appellant's railroad was located and built, in part, along and upon a pre-existing public highway. By its charter it had a right to do this if it left the highway thirty feet wide. It had also the power to take a right of way sixty feet wide, subject to this limitation. At the place where the appellee's horses were killed, the distance from the railroad track to the west side of the highway was, as the evidence tended to prove, forty-five to fifty-five feet, so that a fence might have been built fifteen to twenty-five feet west of the railroad track and have left the highway remaining thirty feet wide. Upon these facts, the appellant

brings this case into this court, maintaining the proposition that it could not fence its railroad at the place without unlawfully encroaching upon the highway. We are very far from entertaining that opinion.

Affirmed, with ten per cent. damages and costs.

S. Stansifer, for appellant.

F. T. Hord, for appellee.