## SPENCER v. THE ILLINOIS CENTRAL R. R. Co.

1. **Railroad:** CONTRIBUTORY NEGLIGENCE. A party cannot recover of a railroad company for injuries done him, when his own want of care and prudence contributed to the injury, or was in whole or in part the proximate cause thereof.

2. —— It was accordingly *held,* in an action against a railroad company for injuries received while attempting to cross its track, that the following instruction was erroneous, to defendant's prejudice, in failing to state the law fully: "It is incumbent upon the plaintiff to use all reasonable care and prudence in crossing the track, and particularly at stations where there is a probability of there being trains; and the want of such care and prudence on the part of plaintiff, if tended to cause the injury, will be taken into consideration by the jury in determining the liability of the company."

3. —— GIVING OF SIGNALS. The giving of signals of an approaching train at a crossing, by both blowing the whistle and ringing the bell, is not required under the statute nor by any rule of law.

4. —— PRECAUTION IN CROSSING TRACK. While it is the duty of a person in crossing the track to use all reasonable precaution to ascertain whether a train is approaching, he is not, as a matter of law, bound to stop his team and look and listen before attempting to cross. He may have satisfactory and sufficient evidence to justify him in attempting to cross, without this.

*Appeal from the Black Hawk Circuit Court.*

FRIDAY, JUNE 10.

THIS action was brought to recover for the injury to plaintiff's person, and also his mules and wagon, occasioned by the careless act of defendant's agent, in striking with its locomotive and train said team, etc., while being driven by him across the railroad track near the depot at Waterloo. The testimony tends to show that he was unloading wheat from his wagon at an elevator on the north side, and some thirty or forty feet from the main

track. An extra train was at the depot, some four or five hundred feet from the crossing. When he had unloaded, he made inquiries of the party owning and at the elevator, if there was a train in, and if it was standing at the depot. Upon inquiring, further, if he thought he could cross the track before the train started, he was advised that he could. The person giving this information could see the train, but the plaintiff could not, as a number of box cars, necessary for defendant's business, were in the proper place on the north side-track, and thus obstructed the view of the train on the main track, to the east. One of these stood very near the wagon road or crossing, and the plaintiff could not see up or down the main track until he passed this car. At the time and after starting, he listened for the train, to ascertain if it had left the depot, but heard nothing of its approach. So, soon as he could, he looked for the train, but too late to avoid the injury. From the north side-track to the main track upon which the train was running it is thirteen feet, and the plaintiff's team was struck just as the mules had crossed the latter track, the wagon and plaintiff being thrown on one side and the mules the other. He did not stop his team, after leaving the elevator, before crossing the track. The testimony is conflicting as to the signals used at the time of starting; several witnesses, however, testify very positively that the bell was not rung, nor the whistle sounded, nor any warning given until just as the accident occurred. Plaintiff was standing in his wagon, and the first he knew of the train it was about ten feet from him. The train was running at the rate of six to seven miles an hour, according to defendant's witnesses, and from eight to ten according to plaintiff's. From where plaintiff started after unloading to the place of injury, is fifty-five or sixty feet.

Upon these facts (and others which will be found referred to in the opinion, so far as necessary) the jury, under

the instructions, found for plaintiff in the sum of one thousand dollars, and defendant appeals.

*Crane & Rood* for the appellant.

*Miller & Miller* for the appellee.

WRIGHT, J.—Appellant complains, for the most part, and, for the purposes of this appeal, we may say entirely, 1. RAILROAD: of the action of the court in giving and refusing certain instructions. To these, therefore, we direct our attention; and in so doing it will be sufficient to refer to two of those given, and which are, perhaps more particularly complained of — disposing of all the others by a more general statement of our views of the law.

*(margin note: 1. RAILROAD: contributory negligence.)*

It will be readily seen that one position assumed by defendant before the jury was, that plaintiff, by his own negligence or want of care, had contributed to his loss or injury, and hence could not recover. Upon this subject the jury were told, that "It is incumbent upon the plaintiff to use all reasonable care and prudence in crossing the track of the railroad, and particularly at stations, where there is a probability of there being trains, and the want of such care and prudence on the part of the plaintiff, if it tended to cause the injury or damage, *will be taken into consideration by you in determining the liability of the defendant in this action.*"

The error of this instruction, for we deem it erroneous, is not so much in misstating the law, as in falling so far short of its full and hence correct statement as to almost necessarily mislead the jury. For while it is true that the want of the care and prudence on the part of plaintiff, therein indicated, was to be *taken into consideration* in determining defendant's liability, this was not all; for, as a rule, if such want of care and prudence contributed to the injury, plaintiff cannot recover. And hence the court

should have stopped with telling the jury that plaintiff's negligence was to be *considered*, etc., but that, aside. from possible modifications arising in exceptional cases, it would defeat the action.

This rule, that a party cannot recover, when his own negligence was in whole or in part the proximate cause of the injury, has been too often announced, and is too well recognized in this state and elsewhere, to need more than its statement. See, however, *Hunt* v. *C. & N. W. R. Co.*, 26 Iowa, 363; *Donaldson* v. *M. & M. R. R. Co.*, 18 id. 280; *Hoben* v. *B. & M. R. R. Co.*, 20 id. 562; *Sherman* v. *Western Stage Co.*, 24 id. 515; *Haley* v. *C. & N. W. R. Co.*, 21 id 15; *McAunich* v. *M. & M. Co.*, 20 id. 338. The cases, though employing different language, unite in giving the rule as above stated, and as it is found in numberless other cases, and in all text writers on this subject. See Sher. & Refd. on Negl., § 26, and notes thereto. It is there said, that "One who is injured by the mere negligence of another cannot recover any compensation for his injury, if he, by his own ordinary negligence or wilful wrong, contributed to produce the injury of which he complains, so that, but for his concurring and co-operating fault, the injury would not have happened to him; except when the direct cause of the injury is the omission of the other party, after becoming aware of the injured party's negligence, to use a proper degree of care to avoid the consequences of such negligence." In justification of this language many cases might be cited, but this is unnecessary. See, however, note 2 to said section; also *I. & C. R. R. Co.* v. *Caldwell*, 9 Ind. 397; *Scott* v. *Dublin & W. R. Co.*, 11 Irish Com. L. R. 377, quoted in *Donaldson* v. *M. & M. Co.*, *supra*.

The instruction under consideration failed to state the law as above, either in its general, or what is sometimes known as its modified form. For this case it is only

necessary to hold the instruction erroneous, as falling short of either, without now undertaking to determine whether, in such a case, a plaintiff, guilty of negligence, or failing to exercise ordinary care, can recover for an injury based upon defendant's negligence. It was not sufficient to tell the jury that plaintiff's want of care was simply to be taken into consideration in determining defendant's liability. For, under this rule, there is nothing to prevent them from finding liability, though they believed plaintiff, by the exercise of due diligence, might have avoided the injury. This was calculated to mislead, and was hence erroneous.

We also believe there was error in the third instruction, which held the defendant to the use of "great care and 2. ——giving prudence, that accidents to persons crossing of signals. the track may not occur, by causing the giving of signals by *ringing the bell and blowing the whistle.*" This imposed upon the company the duty of *both* blowing the whistle and ringing the bell. There is no statute requiring this, and we know of no rule of the common law which holds a party to this care. Indeed, in the absence of statute, due care to avoid accidents might be employed, though the company's agents failed to do either of these things. Thus, suppose a flagman was kept at each crossing in the city to warn footmen, and those traveling in carriages and wagons, of an approaching train and consequent danger, it would not certainly, in such a case, as matter of law, be negligence to omit either ringing the bell or sounding the whistle. In the absence of other precautions, the engineer should give sufficient signals of the approaching train; and this he may do by ringing his bell, sounding his whistle, or otherwise, as may be usual. And while they should keep a lookout so as to see, and as far as possible prevent injury to others, who in crossing the track upon the highway are exercising no more

than their legal rights, they are not bound, as this instruction requires, as matter of law, to use both bell and whistle in order to avoid liability.

Defendant further insists that plaintiff was bound to stop his team, and look and listen before attempting to cross the track. It was his duty, beyond doubt, to take every reasonable precaution to ascertain whether a train was approaching. He ought, as far as he could by the use of ordinary care, to have been certain that the road was clear. He is only required to have satisfactory evidence of these things, however, and this he might have, by listening, by the sign of a flagman, by information derived from others, by the absence of those warnings usually attending the starting or running of a train through a town or city, just as effectually and sufficiently as by loooking up and down the track. It cannot be laid down as a rule that a party is guilty of negligence by his failure to look up and down the track before undertaking to cross it. There may be due diligence without doing this.

These views we believe substantially dispose of all the errors relied upon in the argument, and it only remains to direct that the judgment below be.

Reversed.

*4. precaution in crossing track.*