*L. M. Campbell*, for appellants.

*J. T. Dye* and *A. C. Harris*, for appellee.

---

## THE JEFFERSONVILLE, MADISON, AND INDIANAPOLIS RAILROAD COMPANY *v.* ROSS.

RAILROAD.—*Injury to Animals.*—*Fencing.*—*Instruction.*—An instruction that when the owner of cattle turns them out, at a place where they must pass

along a railway track, when trains are passing, he cannot recover for their injury, is erroneous as applied to a case where the road should be securely fenced, and is not so fenced.

APPEAL from the Shelby Circuit Court.

BUSKIRK, J.—The appellee sued the appellant before a justice of the peace, for killing and injuring the cattle of the appellee, by a locomotive and train of cars on the road of appellant. The complaint was in two paragraphs. The first being what is designated the statutory cause of action. The second charged that the injury was occasioned by the negligence of the servants of appellant, without fault on the part of the appellee.

The cause was tried before the justice, under the statutory denial, and resulted in a finding for the plaintiff, from which judgment the appellant appealed to the circuit court. The case was tried in the circuit court by a jury, and resulted in a finding for the plaintiff. The court overruled a motion for a new trial, and rendered judgment on the finding, to which ruling the appellant excepted. The appellant has assigned for error the overruling of the motion for a new trial. The appellee has assigned as a cross error the giving of the ninth instruction.

The appellant insists that the court erred in overruling the motion for a new trial, for the following reason:

"The evidence clearly shows that Ross knew, on the morning that his stock was killed, that two trains would pass down the road that morning, and that he also knew the time of the passing of the trains at that place; and knowing this, turned his cattle out, or suffered them to be turned out, before the trains had passed; and knowing that said cattle, in order to get away, would either have to go south one quarter of a mile to get off the track, or north the same distance."

Upon the foregoing facts, it is maintained that the appellee, by his own carelessness and want of ordinary care, caused the injury to his cattle.

The ninth instruction was in these words:

The Jeffersonville, Madison, and Indianapolis Railroad Company *v.* Ross.

"If the owner or occupant of lands, upon and across which a railroad is built and operated, turns his stock upon, or in the immediate vicinity of such railroad track, along which trains are passing at specified times and seasons, which time is known to the owner of the stock, and such stock are killed or injured by contact with the train, the company are not liable, unless the evidence satisfies you that the employees upon the train are guilty of gross and wilful want of care."

The appellant, in support of his position, has referred to the following decisions of this court: *The Toledo and Wabash R. W. Co.* v. *Thomas,* 18 Ind. 215; *The Evansville and Crawfordsville R. R. Co.* v. *Lowdermilk,* 15 Ind. 120; *The Pres., etc., O. & M. R. R. Co.* v. *Gullett,* 15 Ind. 487; *The Evansville and Crawfordsville R. R. Co.* v. *Hiatt,* 17 Ind. 102; *Knight* v. *The Toledo and Wabash R. W. Co.,* 24 Ind. 402; *The Toledo and Wabash R. W. Co.* v. *Goddard,* 25 Ind. 185; *Sinram* v. *The P., Ft. W., & C. R. W. Co.,* 28 Ind. 244; *The Michigan S. and N. Ind. R. R. Co.* v. *Lantz,* 29 Ind. 528.

The evidence is in the record, from which it appears that the place where the cattle were killed and injured was not securely fenced by the appellant, and that the appellee mainly placed his right to recover on that ground, and not upon the negligence of the agents of the appellant. If the plaintiff was entitled to recover upon either ground, the court committed no error in overruling the motion for a new trial. When, as in this case, the plaintiff bases his right to recover on two separate and distinct grounds, the court should not give an instruction that would apply to the case in one aspect and not in the other, without informing the jury to which phase of the case it was applicable. The ninth instruction had some application to the issue formed on the second paragraph of the complaint, while it had none to the issue formed on the first paragraph. It seems to have been given as a general instruction, applicable alike to both paragraphs of the complaint. This was well calculated to confuse and mislead the jury. We shall consider together

The Jeffersonville, Madison, and Indianapolis Railroad Company *v*. Ross.

the error assigned by appellant and the cross error assigned by the appellee, as they involve the same question of law. If the instruction was correct, then the court erred in refusing a new trial. If the instruction was erroneous, as applied to the facts of the case, then the court committed no error in overruling the motion for a new trial.

In the further consideration of this case, we shall regard it as a proceeding under the statute for killing stock at a point where the railroad was required to be, but was not, securely fenced, and not an action at common law, based upon the negligence of the appellant; for the reason that if the plaintiff was entitled to recover under the first paragraph, it is wholly immaterial to inquire and determine whether he was so entitled under the second paragraph of the complaint.

We have examined all the cases referred to by the counsel, and find that none of them have any application to the case under consideration.

The case in 15 Ind. was for personal injuries, alleged to have been caused by the negligence of the employees of the railroad company.

The case in 18 Ind. was for killing stock at a point where the railroad was securely fenced, and the right to recover was placed upon the negligence of the agents of the railroad company.

The case in 17 Ind. was for personal injuries alleged to have been caused by the negligence of the employees of the railroad company.

In the case in 24 Ind., McKachan was the owner of a blind horse, and turned him out on the common, near the railroad track, along which trains were passing every few hours, and where the horse was liable to wander on the track, at any time, without the ordinary power of avoiding the danger of an approaching train. The court held that the plaintiff was guilty of gross negligence, amounting to a willingness to suffer the injury complained of, and was not entitled to recover. It does not directly appear from the

The Jeffersonville, Madison, and Indianapolis Railroad Company *v.* Ross.

opinion whether the horse was injured at a place where the company was not required to fence its track, but such is inferrible from the facts of the case, and the ground on which the opinion was based.

The case in 25 Ind. was for damages sustained by the plaintiff, by reason of a train of cars running over the wagon and horses of plaintiff.

The case in 28 Ind. was an action by the railroad company against the owner of cattle, who had knowingly permitted his cattle to run at large; and, by reason thereof, they had wandered on the railroad track and thrown a train of cars from the track, whereby the railroad company had been greatly damaged.

The case in 29 Ind. was an action at common law, to recover damages for the personal injuries received by the plaintiff, caused by the alleged negligence of the operatives of the railroad company.

Thus, it is shown that none of the cases relied upon have any application to the case under consideration; as the right to recover in each case depended upon the comparative negligence of the plaintiff and the defendant.

It has been so repeatedly decided by this court, that it ought now to be regarded "as settled and put at rest," that a railroad company is liable for stock killed or injured at a point where it is required to fence its track, and has not done so, without reference to the question of fault on the part of the plaintiff, or negligence on the part of the defendant.

See *Williams* v. *The N. A. & S. R. R. Co.*, 5 Ind. 111; *The Lafayette, etc., R. R. Co.* v. *Shriner*, 6 Ind. 141; *Smith* v. *T. & R. R. R. Co.*, 7 Ind. 553; *The I. & C. R. R. Co.* v. *Kinney*, 8 Ind. 402; *The I. & C. R. R. Co.* v. *Caldwell*, 9 Ind. 397; *The I. & C. R. R. Co.* v. *Townsend*, 10 Ind. 38; *The Mad. & Ind'polis R. R. Co.* v. *Kane*, 11 Ind. 375; *The I. & C. R. R. Co.* v. *Paramore*, 12 Ind. 406; *The N. A. & S. R. R. Co.* v. *Powell*, 13 Ind. 373; *The I. & C. R. R. Co.* v. *Means*, 14 Ind. 30; *The I., P. & C. R. R. Co.* v. *Williams*, 15 Ind. 486; *The I. & C. R. R. Co.* v. *Kercheval*, 16 Ind. 84; *The I., P. & C. R. R. Co.* v.

*Shimer*, 17 Ind. 295; *The T. & W. R. W. Co.* v. *Thomas*, 18 Ind. 215; *The Pres., etc., T. & R. R. R. Co.* v. *Smith*, 19 Ind. 42; *The I. & C. R. R. Co.* v. *Elliott*, 20 Ind. 430; *The T. & W. R. W. Co.* v. *Daniels*, 21 Ind. 256; *McKinney* v. *The O. & M. R. R. Co.*, 22 Ind. 99; *The T. & W. R. W. Co.* v. *Reed*, 23 Ind. 101; *The I. & C. R. R. Co.* v. *Guard*, 24 Ind. 222; *The I., P. & C. R. R. Co.* v. *Petty*, 25 Ind. 413; *The Same* v. *Irish*, 26 Ind. 268; *The I., P. & C. R. R. Co.* v. *Marshall*, 27 Ind. 300; *The I. & C. R. R. Co.* v. *Parker*, 29 Ind. 471; *The J., M. & I. R. R. Co.* v. *Nichols*, 30 Ind. 321; *The Jeff., Mad. & Ind. R. R. Co.* v. *Avery*, 31 Ind. 277; *The Same* v. *Sweeney*, 32 Ind. 430; *The Bellefontaine R. W. Co.* v. *Reed*, 33 Ind. 476.

We are clearly of the opinion that the ninth instruction was erroneous, as applied to the facts of this case, and should not have been given.

We are also of the opinion that under the issues, and upon the facts of the case, the appellant was liable without reference to the question of contributory negligence, and that, consequently, the court committed no error in overruling the motion for a new trial.

The judgment is affirmed, with costs.

*E. H. Davis* and *C. Wright*, for appellant.

*B. F. Davis*, *B. F. Love*, and *W. C. Nichols*, for appellee.