(3) Mr. *Gookins*, for the appellee, cited the following authorities:

Touching the consideration for the guaranty,—*Wells* v. *Jackson*, 6 Blackf. 40; *Early* v. *Foster*, 7 *id.* 35; *Harris* v. *Pierce*, 6 Ind. R. 162.

---

## THE INDIANAPOLIS AND CINCINNATI RAILROAD COMPANY *v.* TOWNSEND.

The act of *March* 1, 1853, relative to compensation for animals killed or injured by railroad machinery (Laws of 1853, p. 113), is in the nature of a police regulation designed to promote the security of persons and property passing upon the road; and hence, though the owner of the animal be not an adjoining proprietor, and be guilty of negligence in permitting it to stray upon land adjoining the road, he may recover, if the company has failed to comply with the requirements of the statute.

But should a person voluntarily place his animal upon the track, *it seems* he could not recover, but might, perhaps, be regarded as having abandoned his property.

APPEAL from the *Decatur* Court of Common Pleas.

PERKINS, J.—Suit against a railroad company to recover for stock killed on the road where it was not, but should have been, fenced. Recovery by the plaintiff below.

The owner of the animal killed, a steer, was not a proprietor or occupant of land adjoining the road; but the animal strayed upon the track across lands of another person.

It is contended that the owner was guilty of negligence in permitting the animal thus to stray and trespass; that the company operating the road used due care to prevent the accident, except as to fencing; and that the statute making the company liable, regardless of the question of negligence, should be construed to refer only to negligence on the part of the company, and hence, not render them liable where there was negligence on the part of the owner of the animal killed. This is a plausible, and not wholly unreasonable, view of the statute (1). But the point has been fully considered by the *New York* Court of Appeals, and a different conclusion arrived at. It is by that Court held, that the statute has the character of a police regulation, designed to promote the security of persons and property passing upon the road, and hence, must be enforced where the company fails to comply with its requirements; though it is admitted that if a person should, in such a case, voluntarily place an animal of his upon the track, thus, by his own act, purposely devoting it to destruction, he could not probably recover. He might, perhaps, be regarded, in such case, as having abandoned his property. *Corwin* v. *The New York, &c., Co.*, 3 Kern. 42.

This Court has heretofore looked at the statute in the same light. *The Madison, &c., Co.* v. *Whiteneck*, 8 Ind. R. 217 (2).

*Per Curiam.*—The judgment is affirmed with 1 per cent. damages and costs.

*J. S. Scobey* and *W. Cumback*, for the appellants (3).

*J. Gavin* and *O. B. Hord*, for the appellee.

Nov. Term, 1857.

THE INDIAN-APOLIS AND CINCINNATI RAILR'D Co. v. TOWNSEND.

*Monday, January 4, 1858.*

(1) Laws of 1853, p. 113.

(2) In *Georgia*, the statute of 1847 made railway companies liable for all damages done to live stock or other property; but in the *Macon, &c., Railway*

Nov. Term, v. *Davis*, 13 Ga. R. 68, it was held that the company is not liable when the
1857. damage was caused by the design or negligence of the owner. See, also, 14
Barb. (S. C. R.) 364.

BIRD     In referring to the case of *Corwin* v. *N. Y. and Erie Railway*, 3 Kernan, 42,
v.      Judge REDFIELD observes that the company had employed the land-owner to
McELVAINE. build the fence, which he had not done, and it was admitted that if he had
owned the cattle he could not recover. "It is somewhat remarkable," he
adds, "that the rights of the owner of cattle trespassing, should be superior to
those of the owner of the land." Redf. on Railw. 365, note.

(3) Counsel for the appellants cited 5 Ind. R. 111; 14 Barb. (S. C. R.) 364.