*J. Colerick*, for the appellant.

———————·—◦⊛·——————

THE INDIANAPOLIS, PITTSBURGH AND CLEVELAND RAILROAD COMPANY *v.* SHIMER.

Where a railroad company has securely fenced their road, except at certain places where the owner of the land is permitted to erect draw bars or gates, for his own convenience in crossing said road, and by reason of the neglect of such land owner to maintain such bars or gates, his stock passes upon the railroad track and is killed, the company are not liable for the damages sustained.

The tenant of the land owner, occupying the lands, and using the crossing, or way, would be subject to the same rule of decision.

APPEAL from the *Madison* Common Pleas.

HANNA, J.—The appellee sued the company for the value

Saturday, December 7.

Nov. Term, 1861.

THE INDIAN-
APOLIS, &c.
RAILROAD CO.
v.
SHIMER.

of two horses, killed by the rolling stock of the company, averring that the road was not fenced.

Answer: 1. Denial. 2. That the company procured, by legal proceedings, the right of way across the cultivated lands of one *Martin*, and constructed and fenced the road thereon; that afterward said *Martin*, for his own convenience, and that he might have access to his said lands south of the road, and opposite his dwelling, erected and maintained draw bars on each side of said road, in the line of said fences, and a way across said road, which was permitted by the company; that afterward *Martin* sold the land south of the road to *Makepeace*, who had land adjoining the same, upon which the plaintiff resided as tenant; that said bars were suffered to remain, as private property, from their erection until the horses were killed, and plaintiff used the same for his convenience, for ingress and egress, in passing from his dwelling, on foot, to and from the village, &c., on his ordinary business; that in consequence of the plaintiff failing to keep said bars in repair, they became insecure and rotten, so that they were blown down in the night time, and said horses passed through the opening thus made, from the field so inclosed, on to the road, and by reason of the fault of the plaintiff, and without fault of the defendant, were killed.

A demurrer was overruled to this paragraph, which presents the first point.

The statute in reference to animals killed by rolling stock of roads, and the fencing of said roads, is, in a degree, a burden to the roads of the State. It will operate fully as rigidly upon land owners through whose premises roads pass, if they are not permitted to have private ways, similar to that here described. It would be an unreasonable burden, to require the company, as between it and the land owner, to continually watch and maintain the fastenings at such private ways. It appears to us that where the company maintains a fence at all other requisite places, the permission to the land owner to pass and repass on a private way such as here indicated, is a sufficient ground upon which to exonerate such company from any liability for the

damage to his animals which might pass upon the track along such private way, in consequence of his neglect to properly maintain inclosures or fastenings where such way passes through said fences. We are not now discussing the liability to third persons.

Nov. Term,
1861.

THE INDIAN-
APOLIS, &c.
RAILROAD Co.
v.
SHIMER.

This view would dispose of any liability which might be supposed to thus arise, to the owner of the land who should erect, &c., such way for his own benefit. The next inquiry is, whether his tenant, occupying the lands and using the way, would be subject to a like rule of decision. We can see no reason why he should not. Certainly, if a tenant should find it necessary, and should open such way, &c., he would be subject to the same obligations, and entitled to the same rights. If he uses that already opened, &c., for his ordinary and business purposes, we are not able to perceive any reason for placing him in any better condition than if he had been at the expense of opening the same. *The C. H. & D. Railroad Co.* v. *Watterson et al.*, 4 Ohio St. Rep. 434. We think the demurrer was properly overruled. Trial by the Court; finding and judgment for the plaintiff.

The evidence is somewhat conflicting as to the extent and duration of the user by the plaintiff of such private way, where it passed through said fence at the point where the bars were, on the south side of the road, and where the horses passed on to the track.

There is no conflict as to the facts that the bars were there, and were by some means prostrated on the night the horses were killed, and that although the fence was under the charge of the employees of the road, yet the said bars were not so considered by such employees.

As the way was not opened by the plaintiff, and there was conflicting evidence as to his user thereof, the finding of the Court below upon such conflicting evidence should prevail, under our settled rule of decision upon that point.

*Per Curiam.*—The judgment is affirmed, with 1 per cent. damages and costs.

*John Davis*, for the appellant.

*John A. Harrison*, for the appellee.