*Williamson & Daggy*, for appellant.

*Eckles & Scott*, for appellee.

---

### THE INDIANAPOLIS AND CINCINNATI RAILROAD COMPANY *v.* ADKINS.

RAILROAD COMPANIES—FENCES—PLEADING.—Suit against the railroad company under the statute to recover the value of stock killed by a locomotive on the track of the railroad. The paragraphs of the complaint contain the averment "that at the place and time said animal was killed by the defendant's locomotive and cars, the same was not securely fenced as required by law," etc.

*Held*, that the averment was sufficient that the road was not securely fenced where the animals went upon the track and were killed. Page 341.

RAILROAD COMPANIES—FENCES.—If bars are erected in the line of a railroad fence, at the instance and for the accommodation of the owner of land, the responsibility of keeping them up devolves on him; and if he neglects to do so, and his stock passes through the bar-way upon the line of railroad and is killed, he can not recover therefor against the company. And if, in such case, the animals of a third person should trespass on the lands and inclosure of such owner, and pass through the bars so erected upon the track of the railroad, and be killed by the train, the owner of such animals could not recover. Page 344.

APPEAL from the *Decatur* Common Pleas.

ELLIOTT, J.—*Adkins*, the appellee, sued the *railroad company*, under the statute, to recover the value of a mare

The Indianapolis and Cincinnati Railroad Company *v.* Adkins.

and mule-colt, alleged to have been killed by a locomotive and train running on the track of said railroad.

The complaint contained four paragraphs, but demurrers were sustained to the *first* and *second*, and no question is raised on them in this court. To the third and fourth paragraphs of the complaint demurrers were overruled, to which the defendant excepted. Answer by general denial. Trial by jury, who found for the plaintiff. Motion for new trial overruled, and judgment on the verdict of the jury. The defendant appeals.

The first error assigned is the ruling of the court below in overruling the demurrers to the third and fourth paragraphs of the complaint. It is urged that the complaint is defective in not sufficiently averring that the *railroad* was not securely fenced at the place where the animals killed entered upon the track. The *third* paragraph alleges the killing of a mare, and the *fourth* the killing of a *mule-colt;* each paragraph contains the averment "that at the place and time where said" animal "was killed by the defendant's locomotive and cars, the same was not securely fenced as required by law," etc. We think this averment is sufficient. We can not presume that the animals, after going on the track, had traveled along it for any very considerable distance before they were killed, in the absence of an averment of that fact. The reasonable inference to be drawn from the averment, we think, is that the road was not securely fenced at the place where the animals went upon the track, and were there killed. If the fact was otherwise, it could be shown on the trial, and no prejudice could result to the defendant.

Another question presented, arises from the refusal of the court to give to the jury certain instructions asked by the defendant. The evidence is in the record, and presents the facts of the case as follows: The *mare* and *colt* were killed on the track where it passes through the lands of *Whitlow.* *Adkins,* the plaintiff below, lives north of *Whitlow,* and between his lands and that of *Whitlow* is a forty-

acre tract, belonging to the heirs of *Hudson,* which was not in cultivation. There was no fence between the land of *Adkins* and the *Hudson* tract, and the latter had been pastured by *Adkins.* The fence between *Whitlow's* and the *Hudson* land was old and decayed, so that animals could readily step over it. The mare and colt were in pasture on *Adkins'* land, and passed thence across the *Hudson* tract on to the land of *Whitlow,* and then through a bar-way on to the railroad track, where they were killed. The railroad track was fenced through *Whitlow's* land; the bars were in the line of the fence, and were down so that the mare and colt could and did step over them, and go upon the line of the road. The evidence further shows that the bars were frequently down, and had perhaps been down for a month or more before the mare and colt were killed. The railroad fence was of boards the usual hight, and the top board (there being five in number) in places was off, but not immediately at the bars on either side. The bars were erected in the line of the railroad fence, at the request and for the accommodation of *John Whitlow,* the owner of the land. *Pleasant Whitlow* testified that a day or two before the animals were killed, he told *Adkins* that if he did not fix up the bars, his stock would get killed. At the proper time, the appellant asked the court to instruct the jury as follows:

"No. 1. Temporary bars erected in the line of the railroad fence for the convenience of the owner of the land, and at his request, places the responsibility of maintaining the bars in their places (if provided by the company) upon the owner and occupant of the realty; and if cattle pass on the track at such bars, the company would not be liable to the owner or occupant for the killing of such animals.

"No. 2. If the plaintiff's stock passed through bars erected in the line of the railroad fence at the instance and request of the owner, the same being within his inclosure,

without right, such plaintiff can not recover for such stock."

The instructions asked seem to be applicable to the facts of the case. Were they correctly refused? The instructions, as we understand them, taken together, assert, as a rule of law, that if bars are erected in a line of a railroad fence, at the instance and for the accommodation of the owner of the land, the responsibility of keeping them up devolves on him, and if he neglect to do so, and his stock passes through the bar-way on to the line of the railroad, and is killed, he can not recover therefor against the railroad company. And that if, in such case, the animals of a third person should trespass on the lands and inclosure of such owner, and pass through the bars so erected for his use and accommodation, on to the railroad track, and be killed by the train, the owner of such cattle could not recover.

The first question presented is, upon whom devolved the duty of keeping up the bars; whether upon the railroad company, or on the owner of the land, for whose use and accommodation they were erected? The instructions do not assume that there was an express agreement that the owner of the land should maintain or keep up the bars, but claims that, if they were erected at his request and for his accommodation, it was his duty to keep them in their places. The statute makes the railroad company liable for all stock killed by its trains, without regard to the question of negligence, unless the road is securely fenced. Railroads very frequently pass through and divide the lands of the proprietors in such a manner as to create a positive necessity that they should have ways by which to pass and repass from one side of the railroad to the other, or be subject to unreasonable inconvenience and hardship. The statute does not require the railroad company to grant or construct such ways, and if, when they are so granted or provided by the railroad company, at the request and for the use of the owners of the land, it is the duty of the

company to maintain them, and constantly watch and guard them to keep them shut, it would impose on the company an unjust and unreasonable burden. In such cases, it seems to us that an implied obligation rests upon the person, for whose use and benefit such private ways are provided, to maintain and keep them closed ; and if, by a neglect of that duty, such private way is left open, by reason of which the stock of such owner of the land passes upon the road, and is injured or killed, without negligence of those having charge of the train, the company would be exonerated from liability. *Indianapolis, Pittsburg, etc. Railroad Company* v. *Shimer*, 17 Ind. 295.

Under this view of the law, if the mare and colt, in this case, had been the property of *John Whitlow*, the owner of the land, he could not maintain the action ; and the remaining question is, Does *Adkins*, the plaintiff, occupy any better position ? He negligently permitted the mare and colt to stray from his own land, and trespass on the inclosed lands of *Whitlow*, with the knowledge that the bars were erected as a private way for the accommodation of *Whitlow*, and that they were down, and his stock liable thereby to pass to and upon the railroad track.

If it was proper that *Whitlow* should have the bars erected for his private use and convenience, and the obligation was thereby imposed on him to keep them up, then we are at a loss to conceive upon what principle the company should be made responsible for the stock of others who might permit it to trespass on *Whitlow's* inclosure. To hold the company liable, under such circumstances, would in effect render it responsible, by the grant of a just and reasonable privilege to *Whitlow*, for the failure of the latter to maintain such fences around his premises as to prevent the stock of other persons from trespassing upon him. The statute was certainly intended more as a protection to the proprietors of the land immediately along the line of the railroad than to those living at a distance therefrom, and therefore less liable to such injuries ; and if

we so construe the statute as to place the latter in a better condition than the former, in cases like this, we in effect justify trespass, and offer a premium to negligence. The view here taken, we think, is sustained by the case of *Brooks* v. *The New York and Erie Railroad Company*, 13 Barbour, S. C. Rep. 594. See also, Redfield on Railways, sec. 167.

We think the instructions asked should have been given, and for that reason a new trial should have been granted.

Judgment reversed with costs, and cause remanded for a new trial.

*Thomas A. Hendricks. Oscar B. Hord*, and *Cortez Ewing*, for appellant.

*John S. Scobey*, for appellee.

Counsel for appellant: The instructions asked by appellant, which are copied in the opinion, should have been given. *The President, etc.* v. *Smith*, 16 Ind. 102; *Talmadge* v. *The Rensselaer, etc. Railroad Company*, 13 Barb. 493; *The Indianapolis, etc. Railroad Company* v. *Shimer*, 17 Ind. 295; *Duffey* v. *The New York, etc. Railroad Company*, 2 Hilt. 496; *Brooks* v. *The New York, etc. Company*, 13 Barb. 594; *Halloran* v. *The New York, etc. Company*, 2 E. D. Smith, 257.

Counsel for appellee, *contra:* The railroad company can not excuse itself from liability by making contracts with land owners for the making and keeping in repair of fences. *New Albany and Salem Railroad Company* v. *Tilton*, 12 Ind. 3; *Same* v. *Maiden*, 12 Ind. 10; *Same* v. *Pace*, 13 Ind. 411; *The Indiana and Cincinnati Railroad Company* v. *Townsend*, 10 Ind. 38.