THE INDIANAPOLIS AND CINCINNATI RAILROAD COMPANY *v.* GUARD.

TWO CASES.

RAILROADS.—FENCES.—Railroad companies are required by statute to fence their roads, and, construing this law as a police regulation, for the safety of the public, the fact that a railroad runs along side of a public highway would seem to require peculiar care on the part of the company in complying with the law.

APPEAL from the *Dearborn* Common Pleas.

RAY, J.—The questions presented by these records are identical. The pleas in the one case are but copies of the papers filed in the other, differing alone in the date of the occurrence, and the value of the animals killed. The rulings of the court were the same in both cases. A statement of the pleadings, the judgment and the facts in the one case will therefore be sufficient.

The appellee instituted a suit for the value of an animal killed by the locomotive of the appellant, where the railroad was not fenced. The defendant answered by one paragraph, to which a demurrer was sustained. Defendant then filed three additional paragraphs to his answer, to the third of which a demurrer was sustained. Trial upon the other issues, and judgment for the plaintiff.

The complaint charges that said railroad company, on the 18th day of *February*, 1864, was running a train of cars on said railroad, in *Dearborn* county, *Indiana;* that said locomotive and train struck and ran over and killed a brown mule, belonging to said plaintiff, of the value of $300; and that said railroad was not, at said time and place where said mule was killed, fenced in by said defendant, in manner and form as in the statute provided.

The first and third paragraphs of the defendant's answer are substantially the same; the third being intended to be a little more specific, and it will, therefore, only be noticed. This paragraph alleges, "that said mule was killed on

the track of said railroad, between *Lawrenceburgh* and the line dividing the states of *Indiana* and *Ohio*, and that, at the time of the construction of said railroad, the said defendant acquired the right of way for said road over a strip of ground one hundred feet wide, from *Lawrenceburgh* to the state line aforesaid, and was still in possession, and had control of the same at the time of killing said mule; that there was a state turnpike road, or public highway, along the west side of said strip of ground, or right of way, adjoining thereto; that at the time of killing said mule, said plaintiff suffered and permitted said mule to run at large upon said public highway, well knowing that said public highway adjoined said right of way of the said defendant; that said mule strayed from said highway upon said railroad track, and was killed; and that, at the time of the killing, said locomotive and train were run and conducted with prudence and care.

The first act of the legislature on the subject of railroad companies fencing their roads, will be found in the laws of 1853, page 113; the next, amendatory of the former, will be found in the laws of 1859, page 105, and the last, which repeals all former laws, will be found in the laws of 1863, page 25.

This court, in the cases of *The M. & I. R. R. Co.* v. *Whiteneck*, 8 Ind. 217, *The I. & C. R. R. Co.* v. *Townsend*, 10 Ind. 38, *The New Albany & Salem R. R. Co.* v. *Tilton*, 12 Ind. 3, and *Same* v. *Maiden*, *id.* 10, held "that the act of *March* 1, 1853, is in the nature of a police regulation, designed to promote the security of persons and property passing over the road, and hence, though the owner of the animal be not an adjoining proprietor, and be guilty of negligence in permitting it to stray upon land adjoining the road, he may recover, if the company has failed to comply with the requirements of the statute."

The legislature, with this construction given to the act by repeated decisions of this court before it, has carefully

avoided, in the amendments it has made to the act, any material change that could relieve it from the force of these rulings. We must regard the legislation upon this act, as fully adopting the construction placed upon it, and whatever views we may entertain as to the proper interpretation of the language of the statute, still, after such repeated and uniform construction has been given to it, and the makers of the law have so plainly acquiesced in this construction, we do not feel at liberty to discuss its correctness. The cases under consideration present no new points for decision. The railroad company was bound to fence its road, and the fact that it ran along side of a public highway, construing the law as a police regulation for the safety of the public, would seem, in the case at bar, to require particular care in complying with the provisions of the act.

The judgments are affirmed, with 3 per cent. damages in each case, and costs.

*D. S. Major*, for appellant.

*W. S. Holman*, for appellee.