The Indianapolis, Pittsburgh and Cleveland Railroad Company v. Marshall.

RAILROADS.—INJURIES TO ANIMALS.—The liability imposed by the statute upon railroad companies for injuries to animals, without proof of negligence, where the roads are not fenced, is in the nature of a police regulation, for the safety of passengers, and applies as well to companies organized under special charters, as to those organized under the general law.

SAME.—The liability extends to all kinds of animals that would be kept from the track by an ordinary fence, without reference to the question whether they are large enough to throw a train off the track when run over by it.

APPEAL from the *Marion* Circuit Court.

ELLIOTT, J.—Suit by *Marshall* against the railroad company to recover the value of eleven sheep killed by a locomotive and train of cars of the company, while running on

The Indianapolis, Pittsburgh and Cleveland Railroad Company *v.* Marshall.

the track of the railroad, said road not being securely fenced, at the place where the sheep passed upon the road and were killed. The railroad was constructed under a special charter, granted by the general assembly before the passage of the act of 1853, "to provide compensation to the owners of animals killed or injured by the cars," &c., "of any railroad company in this State." Trial by the court; finding and judgment for the plaintiff for fifty-five dollars. A motion by the defendant for a new trial was overruled, as was also a motion in arrest of judgment.

The case originated before a justice of the peace, and was appealed to the Circuit Court. The railroad company is the appellant here. There was no evidence of any negligence or want of care on the part of those having charge of the locomotive and train. The record shows that evidence was given on the trial that "locomotives and cars, while in motion, cannot be thrown off the track by running over small stock, such as sheep or hogs; that the wheels and machinery of a train will crush through all such animals, without being impeded in any degree, and without endangering the train."

It is claimed by the appellant's counsel, that as the appellant was incorporated under a special charter, in 1848, containing no provision requiring the company to fence its roadway, or, in default thereof, making it liable, without regard to the question of negligence, to compensate the owners of animals which might be killed or injured by the trains of the company, the present enactments on that subject can only be sustained, as to the appellant, as a police regulation for the protection of human life, and not for the purpose of compensating the owner of the animals so killed or injured, and, hence, that the law giving compensation for animals so killed or injured on railroads not securely fenced cannot, as against the appellant, apply to all kinds of animals, but only to those of such size as, when run upon, or over, would be liable to endanger the train, or throw the cars off the track, and thereby endanger

the lives of persons traveling on such train; that as the evidence in this case showed that no such danger could result from the presence of sheep on the track, the finding and judgment should have been for the appellant.

This is the only question in the case. It has been repeatedly held by this court, that the act in question (Acts 1853, p. 113,) is in the nature of a police regulation, the principal object of which is the protection of the lives of passengers. This object is sought to be secured by making railroad companies, whose roads are not securely fenced, liable for all animals killed or injured thereon by their trains, without regard to the question of negligence. This absolute liability is in the nature of a penalty for failing to fence their road. It presents an inducement to railroad companies to fence, by making it their interest to do so, to avoid the penalty. If it be admitted that the law can only be sustained, as against the appellant, as a police regulation, and that the presence of sheep on the track could not possibly endanger the lives of passengers, still, the conclusion drawn therefrom by the appellant's counsel does not legitimately follow, and cannot be sustained. As a police regulation for the preservation of human life, it was competent for the law-making power to compel railroad companies to fence their roads by the imposition of any reasonable penalty that might be deemed necessary to accomplish the object. Indeed, no valid reason is perceived, why they might not be prohibited from running trains on unfenced roads, if such a prohibition were deemed necessary. The penalty imposed by the present law is, that when their roads are not securely fenced, railroad companies shall be liable to the owner for the value of animals killed, or for the injury done them, without regard to the question of negligence. No distinction is made as to the kind or size of animals, all are included, or at least all that would be kept from the roadway by a reasonable fence. In the case at bar, it is not claimed that the road, at the time, was securely fenced against animals of such size as if run upon, or over,

would be liable to throw trains off the track, and thereby endanger human life, and, without such showing, we think the company is not in a condition to present the question as to whether more is required.

The judgment is affirmed, with costs.

*J. Davis*, for appellant.

*N. B. Taylor*, for appellee.