## THE JEFFERSONVILLE, MADISON, AND INDIANAPOLIS RAILROAD COMPANY v. NICHOLS.

RAILROADS.—*Injury to Animals.*—*Fences*—The object of the statute providing compensation for animals killed or injured by the cars, &c., of railroad companies is the protection of the public, and not simply to compensate the owners of the animals; and the fact that the owner of the land has for a long period, without any contract to that effect, maintained a sufficient fence, does not, so far as the public is concerned, relieve the company from the duty imposed by the statute. While the fence is so maintained the company is not liable to the penalty provided by law, but that penalty is incurred whenever the failure to maintain the fence as required may happen.

SAME.—*Pleading.*—The want of reasonable time to repair the fence would excuse the company, but the allegation, in an answer by the company, that the fence was out of repair but a short time, is too indefinite.

APPEAL from the Bartholomew Circuit Court.

RAY, C. J.—The appellee, who was the plaintiff below, filed his complaint against appellant in four paragraphs, alleging:

1. That on the 26th day of August, 1867, the defendant was running a locomotive and train of cars over its road in said county; that while being so run as aforesaid, said locomotive passed over and killed one mare of the value of one hundred and fifty dollars and one filly of the value of one hundred and twenty-five dollars, belonging to plaintiff; that the road was not then and there fenced in by defendant, as required by statute; that the killing was at a place where the road could have been fenced, and was not at the crossing of any highway, &c.

2. That on the 26th day of August, 1867, the defendant negligently and carelessly, and without any negligence on the part of the plaintiff, struck, passed over, and killed, one mare of the value of one hundred and fifty dollars and one filly of the value of one hundred and twenty-five dollars, &c.

3. Same as second, except that it charges that the mare was injured, crippled, and wounded, so that she had to be killed.

4. Same as first, except that it charges that the mare was injured, crippled, and wounded, so that she had to be killed.

The defendant demurred to each paragraph of the complaint. The demurrers were overruled, and defendant excepted, and thereupon filed an answer in six paragraphs.

1. The general denial.

2. That the plaintiff was, and for a long time had been, owner of the land adjoining the road where the stock was killed, and had for a long time kept said land enclosed by a fence, one string of which ran along the road, such as good husbandmen in that neighborhood usually kept; that it was so enclosed at the time of the killing of the stock, which were at that time enclosed therein; and that they escaped over the fence on to the track, and were killed without any fault or negligence on the part of the defendant.

3. Same as second, with the additional allegation that the fence was a board fence; that the top board of one panel had been torn off but a short time previous thereto, whereby the stock escaped; and that the fence with the board off was such a fence as good husbandmen in that neighborhood usually kept.

4. Same as second, without the allegation that the fence was such as good husbandmen usually keep.

5. Same as second, with the additional allegation that at the time of the killing one panel of the fence was partially down, through which the stock escaped on to the track, when they were killed without fault or negligence on the part of defendant; and that the plaintiff, though he knew of the defect in the fence, suffered his stock to remain in the field, without repairing the fence.

6. Same as second, with the additional allegation that at the time of the killing one panel of the fence was partially down, through which the stock escaped on to the track, where they were killed without any fault or negligence on the part of the defendant; that the fence had been so out of repair but a short time; and that the defendant

had no knowledge of it at the time of, or before, the killing of said stock.

The court sustained demurrers to the fifth and sixth paragraphs of the answer, to which the defendant excepted.

Plaintiff filed reply to the second, third, and fourth paragraphs.

1. The general denial.

2. That the fence was broken down by the defendant's agents and employees, who suffered the same to remain out of repair; and that, in consequence of such breaking down, &c.

3. That the defendant did not properly maintain the fence, in this, that it permitted the top board of one panel thereof which had been torn off a short time previously, to remain off, and would not and did not repair the same, and that in such condition it was not such a fence as good husbandmen in that neighborhood usually keep; in consequence whereof, &c.

4. That about one year previous to the killing, the defendant had burned up and destroyed a large part of the fence by fire communicated from its locomotives while being run in the ordinary line of duty; since which time the plaintiff had abandoned the fence and all efforts to keep the same in repair; and defendant had not repaired the same; in consequence whereof, &c.

The defendant demurred to the second, third, and fourth paragraphs of this reply; the court overruled the demurrers, and defendant excepted.

Trial by the court and finding for the plaintiff of $275. A motion for a new trial was overruled, and defendant excepted. Judgment for plaintiff for $275.

Assignment of errors:—

1. The court below erred in sustaining demurrer to the fifth paragraph of answer.

2. The court below erred in sustaining demurrer to the sixth paragraph of answer.

3. The court below erred in overruling demurrer to second paragraph of reply.

4. The court below erred in overruling demurrer to amended third paragraph of reply.

5. The court below erred in overruling demurrer to fourth paragraph of reply.

The appellant insists that the fifth paragraph of the answer is good. The argument is, that the appellee did, in fact, keep up a sufficient fence for six years, and thereby relieved the company from the duty imposed by statute. But the object of the statute is the protection of the public, and not simply to compensate the owners of the animals; and, although while the fence is maintained, without any contract to that effect, by the owner of the land, the company is not liable to the penalty provided by law, still the duty, so far as the public is concerned, rests upon the company, and the penalty is incurred whenever the failure to maintain the fence as required may happen. It is true that reasonable time should be allowed to repair, or rather the want of reasonable time would excuse; but the excuse should be shown either by answer or proof. Neither the fifth nor sixth paragraph of the answer does this, and they are neither of them therefore sufficient. The allegation that the fence was out of repair but a short time, is too indefinite. The liability to keep the fence in repair resting upon the defendant, the third and fourth paragraphs of the reply were each sufficient.

The judgment is affirmed, with costs.

*S. Stansifer* and *F. Winter*, for appellant.

*R. Hill* and *G. W. Richardson*, for appellee.