————o————

GEORGE W. ROBINSON, Plaintiff in Error, vs. CHICAGO & ALTON R. R., Defendant in Error.

1. *Railroads—Fencing of field where highway intervenes.*—The spirit of the statute, (Wagn. Stat., 310–11, § 43) contemplates that railroad corporations shall fence the line of their road along an inclosed field, although a public highway abuts upon the road and intervenes between it and the field.

*Error to Louisiana Court of Common Pleas.*

*W. H. Morrow,* for Plaintiff in Error.

*T. J. C. Fagg,* for Defendant in Error.

WAGNER, Judge, delivered the opinion of the court.

Plaintiff brought his action for the value of three hogs killed by defendant's locomotive and cars; and the only question presented by the record is, whether the killing happened at a place where the defendant was required to fence its track. The case was tried in the court below upon an agreed statement of facts, the substance of which was, that the road where the hogs were killed was fenced on both sides, but that the fencing was not sufficiently strong and close to prevent the hogs from passing through, on to the line of the railroad; that the fencing was not such a fence as the law requires to be made on the sides of railroads, where the statute devolves that burden upon them, and that at the point on the line of the road where the hogs were killed, the road passes along or adjoining inclosed or cultivated fields on one side, and that the fencing on the other side of the road is on a line with the line of the Louisiana and Middleton gravel road, and is

contiguous with the line of the gravel road, on the side of the gravel road next to the railroad; that there is no intervening space of ground between the right of way of the railroad and the right of way of the gravel road, and that plaintiff's premises adjoin the opposite side of the gravel road, and that there are inclosed and cultivated fields on that side.

On this statement of facts, the court found for the defendant, and held as a conclusion of law, that the railway company was not bound to erect and maintain fences along the line of its road.

The statute (Wagn. Stat., 310, 11, § 43) declares, that "every railroad corporation formed or to be formed in this State, and every corporation formed or to be formed under this chapter, shall erect and maintain good and substantial fences on the sides of the road where the same passes through along or adjoining inclosed or cultivated fields, or uninclosed prairie lands." And the 5th section of the damage act, authorizes a recovery for all animals killed by the cars of any company, without proof of any negligence, unskillfulness or misconduct on the part of the servants of the company, provided the road is not fenced. (Wagn. Stat., 520.)

The argument for the defendant here is, that as the road bed abuts or adjoins a public highway opposite to the plaintiff's premises, the law makes no requirement that fences should be erected. But we think this is too narrow a construction of the statute. The fences are to be built where the road passes through, along or adjoining inclosed or cultivated fields, but if a highway or public road intervenes between inclosed fields and the railroad track, that will not dispense with the obligation to fence. There is even a greater necessity for it to subserve the objects for which fences were demanded. It is laid down as law by Redfield, that a railway running along the line of a highway is required to be fenced with especial care and watchfulness. (1 Redf. Railw., 5 Ed., 517.)

In the State of Indiana there is substantially the same statutory requirement that exists here, in reference to the rail-

roads erecting and maintaining fences, and the courts there hold, that the fact that a public highway runs along one side of the railroad does not, of itself, show a valid reason why a fence could not properly be run between the highway and railroad, but, on the contrary, would seem rather to show the greater necessity that the railroad should be fenced at such a place. (The Indianapolis & Cin. Railway Co. vs. Gerard, 24 Ind., 222; Same vs. McKinney, Id., 283; The M. & I. Railway vs. Whiteneck, 8 Ind., 217; The I. & C. Railw. vs. Townsend, 10 Ind., 38; The N. A. & S. Railw. vs. Tilton, 12 Ind., 3.)

It must be borne in mind that the law is not exclusively for the benefit of the owner of animals, or of adjoining proprietors, but it is in the nature also of a police regulation designed to promote the security of persons and property passing over the road. Such being the fact, the inference would seem to follow, that where a railroad runs along the side of a public highway, peculiar care should be taken to comply with the requirements of the statute.

I think the judgment should be reversed and the cause remanded. All the judges concur.