THE FORT WAYNE, MUNCIE, AND CINCINNATI R. R. Co. v. MUSSETTER.

RAILROAD.—*Killing Animal.*—*Pleading.*—*Fence.*—In an action against a railroad company for the killing of a cow by the defendant, the complaint alleged that the track at the point where said cow entered upon the same and was killed was not " securely fenced in, and said fence maintained by said company or any other person at its special instance and request."

*Held,* that the complaint was good. The addition of the words, " or any other person at its special instance and request," did not create the implication that the road was fenced in by some person not at the instance and request of the company, which was a matter of defence to be specially pleaded by the defendant.

*Held,* also, that it was not necessary to allege in such complaint, that the defendant was bound to fence the road at the point where the cow came upon the track and was killed.

From the Blackford Circuit Court.

*W. H. Coombs, W. H. H. Miller,* and *R. C. Bell,* for appellant.

BUSKIRK, C. J.—This was an action by the appellee, to recover the value of a cow alleged to have been killed by the engine and cars of appellant. It was a proceeding under the statute and originated before a justice of the peace, where there was judgment for the appellee; and on appeal to the circuit court, the appellee again had judgment.

The appellant moved in arrest of judgment, but the motion was overruled, and this ruling is the only error assigned.

The motion in arrest is based upon the supposed insufficiency of the complaint, in its allegations in reference to the fencing of the road. The averments of the complaint are, that the " said railroad track, over which the said defendant was running its locomotive and train of cars as aforesaid, was not, at the point where said cow entered upon the same and was killed as aforesaid, securely fenced in and said fence maintained by the said company or any other person at its special instance and request."

Counsel for appellant say: " We insist that this allegation is insufficient; that it is a negative pregnant; that the averment should be direct and specific that the railroad was not securely fenced in, not that it was not securely fenced in by the railroad company or any other person at its special instance and request. It is enough if the railroad was securely fenced, no matter by whom it was done. The allegations of the complaint are entirely consistent with the idea that the railroad was securely fenced by the owner of the adjacent land or any one else except the company."

The seventh section of the statute is: " This act shall not apply to any railroad securely fenced in, and such fence properly maintained by such company, lessee, assignee, receiver, or other person running the same." 3 Ind. Stat. 416.

The language of the statute was pursued, except that the words " lessee, assignee, receiver, or other person running the same," were omitted, and the words, " or any other person at its special instance and request," were added, and it is claimed that the words added create the implication that the road was securely fenced in by some person other than the railroad.

According to the strict letter of the statute, the fencing of the road by any other person than the company, lessee, assignee, receiver, or other person running the same, would be no defence to an action under the statute, but it was held by this court, in *The Jeffersonville, etc., R. R. Co.* v. *Nichols*, 30 Ind. 321, that the fact that the owner of adjacent land had, for a

long period, without any contract to that effect, maintained a sufficient fence, did not, so far as the public was concerned, relieve the company from the duty imposed by the statute; and that while the fence was so maintained, the company was not liable to the penalty provided by law, but that the penalty was incurred whenever the failure to maintain the fence as required might happen; and it was further held, in *The Terre Haute, etc., R. R. Co.* v. *Smith,* 16 Ind. 102, that where, by contract, the owner of land was required to maintain the fence, no recovery could be had by him for an injury to his animals, resulting from his failure to comply with his agreement, which ruling has been followed in many subsequent cases. See *The Indianapolis, etc., R. R. Co.* v. *Shimer,* 17 Ind. 295; *The Indianapolis, etc., R. R. Co.* v. *Adkins,* 23 Ind. 340; *The Toledo, etc., R. R. Co.* v. *Brown,* 17 Ind. 353; *The Indianapolis, etc., R. R. Co.* v. *Pelty,* 25 Ind. 413; *The Indianapolis, etc., R. R. Co.* v. *Petty,* 30 Ind. 261; *The Bellefontaine R. W. Co.* v. *Suman,* 29 Ind. 40.

It seems to us that the purpose of the draftsman was to negative the idea that the plaintiff was bound by contract to fence, or had of his own accord fenced, the track of the railroad at the point where the cow had gotten on the track. If such was the purpose, the averment was unnecessary, for it was held in the above cases that it was a matter of defence to be pleaded by the railroad company.

The averment is plainly made that the road was not securely fenced in by the company, and the addition of the words, "or any other person at its special instance and request," did not create the implication that it was fenced in by some person not at the instance and request of the company, as that was a matter of defence to be specially pleaded by the appellant. If the railroad track was securely fenced in at such point, whether by the company or some other person, the appellant was not liable. If the appellee was bound by contract to maintain a fence, the company was required to set up and rely on such contract. The use of the words complained of did not exclude proof as to whether the road was in fact securely fenced in, and the evi-

dence not being in the record, we are bound to presume that proof was made on that point.

It is also claimed that the complaint was bad for not averring that the company was bound to fence at the point where the cow entered on the track and was killed. If the company was not bound to fence at such point, it was a matter of defence to be pleaded by the company, and need not be negatived in the complaint. *The Jeffersonville, etc., R. R. Co.* v. *Brevoort,* 30 Ind. 324; *The Jeffersonville, etc., R. R. Co.* v. *Vancant,* 40 Ind. 233.

We think the court committed no error in overruling the demurrer to the complaint.

The judgment is affirmed, with costs.