No. 8808.

RYAN v. BEGEIN.

INSTRUCTION.—*Issue.*—*Evidence.*—An instruction, which is applicable to the issues and the case made by the evidence, is unobjectionable.

SAME.—*Payment.*—*Harmless Error.*—The omission of the court, in reciting the issues to the jury, to call their attention to a plea of payment, does not injure the defendant when there is no dispute about the amount paid.

SAME.—*Counter-Claim.*—*Married Woman.*—An instruction not to allow the defendant, upon his counter-claim, anything overpaid by him, if the jury shall find that the plaintiff was, at the time, a married woman, if erroneous, was harmless, where the jury did not find that anything was overpaid.

SUPREME COURT.—*Weight of Evidence.*—The Supreme Court will not disturb a judgment upon the weight of the evidence.

From the Madison Circuit Court.

*W. R. Pierse* and *C. B. Gerard,* for appellant.

*W. A. Kittenger, J. W. Sansberry, M. A. Chipman* and *A. T. Harrison,* for appellee.

BEST, C.—The appellee brought this action against the appellant, to recover the unpaid purchase-money of certain real

estate and to enforce a vendor's lien. In the complaint it was, in substance, averred that the appellee sold and conveyed to the appellant, on the 16th day of January, 1875, the real estate in the complaint described, in consideration of which he agreed and promised to pay her five hundred dollars in addition to all liens and taxes thereon; that at the time the deed was executed he paid $100, and the residue with the interest thereon from the 16th day of January, 1875, was due and remained wholly unpaid.

The appellant answered:

1. General denial.

2. Payment.

3. That he purchased and agreed to pay for the land mentioned in the complaint, $3,540; that this sum was to be paid by assuming the payment of a mortgage and all other liens upon said land, and the difference, if any, was to be paid to appellee; that at the time of the purchase the amount of the liens was unknown to them, but believed to be much less than the contract price, and that he then paid to the appellee $100; that afterward it was ascertained that the liens amounted to $3,520, which he paid, and that the payments thus made by him exceeded the contract price.

4. A counter-claim, by which the appellant sought to recover back the $80 overpaid by him as averred in the third paragraph of his answer.

A reply in denial of the second and third paragraphs of the answer and an answer of coverture to the counter-claim were filed by the appellee. The issues were submitted to a jury and a verdict returned for the appellee for $524. Over a motion for a new trial, judgment was rendered upon the verdict. From this judgment the appellant appeals, and assigns as error the order of the court in overruling the motion for a new trial.

This motion was made because, as was alleged, the verdict was not supported by sufficient evidence, and the court erred in giving instructions numbered one, two and five, to the jury.

By instruction numbered one, the court charged the jury

that if the plaintiff has proved by a fair preponderance of the evidence, that the defendant purchased of the plaintiff the real estate mentioned in the complaint; promising to pay all liens upon the land, and to pay the plaintiff $500 over and above all liens upon the delivery of a deed, that plaintiff did deliver the deed, and that any portion of the five hundred dollars is due and remains unpaid, they should find for the plaintiff for such sum as remained unpaid, with interest thereon from the time it became due.

This instruction was unobjectionable. It was applicable to the issues and to the case as made by the evidence of the appellee. No error was committed in giving it.

By the second instruction the court said to the jury, in substance, that the plaintiff alleges in her complaint that she sold and conveyed the land in the complaint described to the defendant, for which he promised to pay all liens and encumbrances thereon, and to pay her $500 upon the delivery of a deed; that the deed has been executed and that $400 of the purchase-money with interest thereon from the 16th day of January, 1875, is due and remains unpaid. This complaint the defendant answers by a denial, and also avers that the consideration expressed in the deed, to wit, $3,540, is the true consideration agreed upon by the parties; that he has paid on liens $3,520, and has paid $100 to the plaintiff—in all $3,620. To this answer the plaintiff has replied in denial and also by "plea of coverture, and this forms the issue which you are to try."

The principal objection urged to this instruction is, that it omits to call the attention of the jury to the plea of payment. This omission was, we think, harmless. It was not claimed by the appellant that anything had been paid other than the $100, to which the court had called the attention of the jury, and for which the appellee had given him credit in the complaint. There was in fact no controversy about the amount paid. The dispute was as to the terms of the contract. The appellee insisted that the appellant was to pay $500 in addi-

tion to all liens upon the land, while the appellant insisted that he was only to pay $3,540, which he had already done by paying $3,520 upon liens and $100 to the appellee. They agreed that aside from the amount paid upon liens only $100 had been paid. Under these circumstances the omission of the court to call the attention of the jury to the general plea of payment did not injure appellant.

The fifth instruction directed the jury that if they should find that the defendant had overpaid the plaintiff any sum upon the purchase-money, and they should find that she was at the time a married woman, they should not assess any damages against the plaintiff.

This instruction, if erroneous, was harmless. The jury did not find that anything was overpaid, and therefore the instruction did not injure appellant.

The result reached by the jury, as the evidence appears upon paper, does not seem entirely satisfactory; but as the testimony on behalf of the appellee, if believed, was abundantly sufficient to sustain the verdict, we can not disturb the judgment.

For these reasons the judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be, and it is hereby, affirmed in all things, at the appellant's costs.