The Louisville, New Albany and Chicago Railway Company *v.* Zink.

———————◆———————

No. 10,184.

THE LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY COMPANY *v.* ZINK.

RAILROAD.—*Killing Stock.*—*Fencing.*—Where, in an action against a railroad company for the value of stock killed by the cars of the defendant, the evidence shows that the stock went upon the track at a place where it was unfenced, but where a fence could have been properly maintained, the company is liable.

From the Washington Circuit Court.

*D. M. Alspaugh* and *J. C. Lawler*, for appellant.
*S. B. Voyles* and *H. Morris*, for appellee.

BICKNELL, C. C.—This suit was commenced before a justice of the peace, and was finally tried in the circuit court, where the plaintiff recovered $156, as the value of a hog and five cattle killed by the defendant's cars, on the defendant's railway, at a place fit to be fenced but not securely fenced.

There are several errors assigned by the appellant who was defendant below, but only one of them is relied on, to wit, that the court below erred in overruling the appellant's motion for a new trial.

The reasons for a new trial were:

1st. That the finding of the court was not sustained by sufficient evidence.

2d. That the damages were excessive.

3d. That the court erred in assessing the amount of recovery, the same being too large.

The damages were not excessive; some of the witnesses stated the value of the·animals killed at a sum greater than the amount recovered.

The railroad company was bound to fence its road unless a competent fence was already there. *Indianapolis, etc., R. R. Co.* v. *Guard,* 24 Ind. 222; *New Albany, etc., R. R. Co.* v. *Pace,* 13 Ind. 411.

It was proved that the animals in question were killed in a " creek lot " of the plaintiff, containing four or five acres, through which lot the defendant's road passes; it was proved that the railroad was not fenced at all on the south side, and that the animals came on the track and were killed there; the appellant claims that the evidence shows a fence could not be built on the south side of the road; but upon that point there was the following testimony:

· The plaintiff testified: " The hog·went on to the defendant's track at a point where the road was not fenced, but could have been fenced." Again he said: " The road runs through my field where the steer was in pasture; it could have been fenced." And again: " Where the other steer and cows were killed, at the creek lot, there was no fence on the south side of the railroad track; it could have been fenced; the fence would have to be built a few feet in one place in the rocks or embankment."

William Pufahl testified: " There was no fence on the south side of the railroad at the creek lot."

William Rodman testified: " I think the railway can be fenced from the barn of plaintiff to the bluff, which is east of the barn; I think it very doubtful about building a fence at that point."

The appellant's counsel claim in their brief, that the foregoing testimony, which was all there was as to whether the road could be fenced on the south side of the railroad in the creek lot, shows that the company was not bound to keep its road securely fenced on the south side at the place in question. But in this they are mistaken. *Ohio, etc., R. W. Co.* v. *Rowland,* 50 Ind. 349; *Wabash R. W. Co.* v. *Forshee,* 77 Ind. 158, and cases there cited.

There was evidence tending to sustain the finding of the court; the judgment, therefore, should be affirmed. *Ryan* v. *Beglin,* 79 Ind. 356.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and it is hereby in all things affirmed, at the costs of the appellant.