DAVID JONES, Respondent, v. ST. LOUIS, SOUTH-
WESTERN RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, March 10, 1896.

Railroads: OBLIGATION TO FENCE. A railway company whose road runs between two farms which are fenced, and whose right of way there forms a lane which it permits to be used as a public road, is under duty to fence the space between such road and its tracks.

*Appeal from the New Madrid Circuit Court.*—HON.
HENRY C. RILEY, Judge.

AFFIRMED.

*W. H. Miller* for appellant.

No brief filed for respondent.

BOND, J.—The petition in this case, after alleging the killing of a sorrel mule, the property of plaintiff, by the engine and cars of defendant, described the place and manner of the collision, to wit: "That at the place at which plaintiff's said animal went upon the said railroad was not within the limits of any incorporated town or city, nor within the switch limits of any station, and was not at the crossing of any public or private road or street over said railroad, but that the plaintiff's said animal went upon said railroad at a point where said railroad passes along or adjoins inclosed and cultivated fields, and on the sides of which railroad, at said point where said animal was struck and killed, the defendant had failed then and there to erect and maintain lawful fences, and where defendant had failed to maintain and construct cattle guards sufficient to prevent animals from getting upon said railroad, as required by law.

"That the coming of plaintiff's said animal upon said railroad, and the striking and killing of the same by the engine and cars of the defendant, were occasioned by the failure of defendant to construct and maintain such fences and cattle guards at the place where said animal went upon the said railroad."

The petition concludes with a prayer for judgment. The case was begun before a justice, and appealed to the circuit court, where, upon a trial, judgment was had by plaintiff, from which defendant appeals to this court, and asks for its reversal on two grounds. *First*, he alleges the petition does not state a cause of action. *Secondly*, he insists there was no evidence "to show that the animal got upon the railroad track at a point where its right of way was not fenced." The first objection is based upon assumption, that the petition fails to state that the point where the animal got upon

defendant's right of way was not fenced. The concluding clause of the petition quoted above alleges in express terms that the coming of the animal upon the track, and the injury to it, were caused ''by the failure of defendant to construct and maintain such fences and cattle guards *at the place* where said animal went upon said railroad.'' This allegation shows there is no merit in the point under review.

The only other error assigned relates to the alleged insufficiency of the evidence to show that the animal got upon the track at a point where it was unfenced. There is no merit in this contention. The evidence shows that the animal was killed on the right of way of defendant, where it runs between the farm of Mrs. Newsum on the one side, and that of one Bloomfield on the other; that these proprietors have fenced their respective lands; that defendant's right of way between these two farms makes a lane, which defendant permits to be used as a public road. Hence, it is its duty to fence the space between the road and the track, although the fields on both sides of its right of way contain lawful fences. *Robinson v. Railroad*, 57 Mo. 494. The animal was killed at a point opposite this road, and, as there was no evidence that it came upon the right of way from the fenced field, the presumption is it came upon it from the unfenced road opposite the point where it was killed. No other objections being urged, the judgment will be affirmed. All concur.