## M. L. HOLTON v. STEPHEN I. MOORE.

(Filed 13 May, 1914.)

1. Trials — Negligence — Contributory Negligence — Verdict—Judgment.

Where an action for damages presents for the consideration of the jury the issues of negligence and contributory negligence, and under proper instructions the second issue has been answered in the defendant's favor, the plaintiff is not entitled to recover, whatever the answer to the other issues may be, and cannot be entitled to judgment.

2. Mad Dogs—Contributory Negligence—Trials—Issues—Statutes.

An action would lie at common law in damages against the owner of a mad dog through whose negligence another person had been bitten by the dog, in favor of such other person; and where there is no indication that in his action the person thus injured was proceeding under the statute, Revisal, sec. 3305, an issue of contributory negligence, when pleaded and supported by evidence, should be submitted to the consideration of the jury. As to whether such issue could arise in proceedings under the statute, *Quære.*

3. Appeal and Error—Issues—Objections and Exceptions—Acquiescence—Procedure.

For a party to an action to take advantage on appeal of the submission of an issue claimed by him to have been improper, he should have excepted to the submission of the issue and the evidence tending to establish it on the trial; and where he has not only failed in these respects, but has had the benefit of two trials, wherein he acquiesced in or insisted upon the submission of the issues, he will be bound by his conduct in that respect, and will not be permitted to rely upon a contrary position in the Supreme Court.

HOKE, J., dissenting; CLARK, C. J., concurring in dissenting opinion.

APPEAL by plaintiff from *Devin, J.,* at September Term, 1913, of ALAMANCE.

This is a civil action, tried before his Honor, *R. B. Peebles, J.,* and a jury, at May Term, 1913, of the Superior Court of Alamance County, and afterwards retried upon one issue before his Honor, *W. A. Devin, J.,* and a jury.

HOLTON *v.* MOORE.

The action was brought to recover damages sustained by plaintiff by reason of having been bitten by an alleged mad dog owned by the defendant, and on account of the alleged negligence of the defendant.

These issues were submitted at both trials without objection or exception by either party:

1. Was plaintiff injured by the negligence of the defendant, as alleged in the complaint? Answer: Yes.

2. Did the plaintiff, by his own negligence, contribute to the injury sustained by him? Answer: Yes.

3. What amount of damages, if any, is the plaintiff entitled to recover of the defendant? Answer: $200.

The only exception taken on first trial is stated in the record as follows: "Both plaintiff and defendant moved for judgment upon the issues as found by the jury. Both motions overruled. Plaintiff excepts. Plaintiff's first exception. His Honor, in his discretion, set aside the verdict on the second issue, and ordered a new trial as to that issue."

On second trial, the second issue was again submitted to the jury without objection by either party, and answered "Yes."

At the second trial, notwithstanding, the jury again found the second issue in favor of the defendant, plaintiff moved the court to sign a judgment for plaintiff for the sum of $200 and for costs. Motion denied, and this constitutes plaintiff's only exception or assignment of error.

The court, upon the issues, rendered judgment for defendant, and the plaintiff appealed.

*W. H. Carroll for plaintiff.*
*Parker & Parker for defendant.*

BROWN, J. The ruling of the judge followed the well settled decisions of this Court. In the recent case of *Sasser v. Lumber Co., ante,* 242, it is said: "It is settled by the decisions of this Court that, in an action of this character, where the jury find that the plaintiff was injured by the negligence of the defendant, and further find that the plaintiff by his own negligence contributed to his injury, and then assess damages, the plaintiff is

not entitled to recover, and the defendant is entitled to judgment upon the issues. The force and effect of the establishing of contributory negligence upon the part of the plaintiff is only obviated by the further finding under a third issue that the defendant by the exercise of ordinary care could have avoided the injury notwithstanding the negligence of the plaintiff. *Baker v. R. R.,* 118 N. C., 1016; *Harvell v. Lumber Co.,* 154 N. C., 262; *Hamilton v. Lumber Co.,* 160 N. C., 51. In the last case *Justice Allen* says: 'The plaintiff cannot recover as long as the answer to the second issue (establishing contributory negligence) stands.' This case cites and approves *Baker v. R. R., supra,* and holds that the respective findings of negligence, contributory negligence, and damages are not insensible and inconsistent, and the defendant is entitled to judgment." ·

To same effect is *Carter v. R. R., ante,* 244.

It is, however, contended by the plaintiff that this action is brought under Revisal, sec. 3305, and that contributory negligence is no defense to an action for damages brought under such statute, and that, therefore, he is entitled to judgment upon the issues. The statute reads as follows: "If the owner of any dog shall know, or have good reason to believe, that his dog, or any dog belonging to any person under his control, has been bitten by a mad dog, and shall neglect or refuse immediately to kill the same, he shall forfeit and pay $50 to him who will sue therefor; and the offender shall be liable to pay all damages which may be sustained by any one, in his property or person, by the bite of any such dog, and shall be guilty of a misdemeanor, and fined not more than $50 or imprisoned not more than thirty days."

There is nothing in the complaint to indicate that this action is brought under the statute. No reference is made to it in the pleadings, and the penalty provided in it is not sought to be recovered. Such an action for damages would lie at common law before the statute.

But we will assume that the action is brought under the statute, and yet we are of opinion that upon the issues the court below rendered the proper judgment.

We are not prepared to hold that contributory negligence may not be properly pleaded to an action under the statute for the actual damages sustained.

Suppose the injured person, an adult in full possession of his faculties, knowing the condition of the dog, recklessly, carelessly and unnecessarily takes hold of the animal, and is bitten. Would his negligence be no bar to a recovery?

In the case of *Leathers v. Tobacco Co.,* 144 N. C., 347, this Court quoted with approval the following language from *Toby v. R. R.,* 94 Iowa, 256 : "It is a general rule that the doing of a prohibited act, or the failure to perform a duty enjoined by statute or ordinance, constitutes negligence, for which the party guilty of such act or omission is liable unless excused by the contributory negligence of the one to whose person or property it is done. Contributory negligence will defeat recovery, even though the negligent act consisted in the violation of a statute or ordinance, and such violation is held to be negligence *per se.*" 29 Cyc. of Law and Procedure, page 508, and many cases cited in note.

However that may be, we do not think the point is properly before us upon this record, as the only exception taken on either trial and the only assignment of error is to the refusal of the trial judge to render judgment for the plaintiff upon the issues.

The defense of contributory negligence is set up in the answer, and on both trials evidence was introduced in support of the plea without objection or exception.

The issue of contributory negligence was framed and submitted to the jury on both trials without any objection or exception whatever by the plaintiff, and on both trials the judge charged the jury fully on that issue, and the plaintiff took no exception and has assigned no such error. He let two trials proceed to the rendition of a verdict without making any such point, and conducted each one of them upon the theory that contributory negligence is a proper defense.

It was the plaintiff's duty to except during the trial to the introduction of such evidence, to the submission of such an issue,

and to the charge of the court, and to assign the rulings as error. He failed to do so.

Upon the issues as answered, we think his Honor properly rendered judgment for the defendant.

Affirmed.

HOKE, J., dissenting: The statute in question, Revisal, sec. 3305, is correctly quoted in the principal opinion as follows: "If the owner of any dog shall know, or have good reason to believe, that this dog, or any dog belonging to any person under his control, has been bitten by a mad dog, and shall neglect or refuse immediately to kill the same, he shall forfeit and pay the sum of $50 to him who will sue therefor; and the offender shall be liable to pay all damages which may be sustained by any one, in his property or person, by the bite of any such dog, and shall be guilty of a misdemeanor, and fined not more than $50 or imprisoned not more than thirty days."

The complaint of plaintiff states his cause of action as follows:

"SEC. 2. That, on or about 14 January, 1911, the defendant had in his possession, on his premises, in Burlington, N. C., a certain dog, which he claims as his own, and which he knew or had good reason to believe had been bitten by a mad dog, and was then and there afflicted with the disease known as hydrophobia; but these facts he failed to make known to this plaintiff.

"3. That the defendant, knowing full well, or having good reason to know, that his said dog was suffering with hydrophobia, and was what is usually known as a mad dog, invited plaintiff, who is engaged in the business of raising and training dogs for hunting purposes, to go on his premises and examine said dog, and assured this plaintiff that the dog would not bite and was in no way vicious.

"4. That in response to said invitation, plaintiff went upon the premises of the defendant for the purpose of examining said dog, and at once observed the uneasy appearance of said dog and also noticed froth, or foam, at his mouth, and thereupon

called the attention of the defendant to it, and the defendant assured plaintiff that there was no danger in the dog; that the foaming at the mouth was caused from the fact that he had treated the dog with castor oil, and told plaintiff to take hold of the dog and examine it, assuring plaintiff that the dog would not bite, and that he was perfectly harmless.

"5. That in obedience to defendant's request, and relying upon his representations that the dog had been poisoned, and that he was perfectly harmless, plaintiff attempted to take hold of the collar on the dog's neck, when and where the dog suddenly and viciously turned upon plaintiff and did then and there bite plaintiff on his right hand, inflicting a very deep and serious wound.

"6. That plaintiff then discovered that the dog was mad, and advised the defendant to have it killed at once, which was done, and its head sent at once to the Pasteur Institute, at Raleigh, N. C., where it was chemically examined by an expert and found diseased with hydrophobia."

There was evidence on the part of plaintiff in support of the allegations as made and tending to show that plaintiff was induced by defendant to visit the dog for the purpose of treating him, and that plaintiff was not only not informed of the circumstances going to show that the dog had been bitten by a mad dog, which were known to defendant, but that he received assurances calculated to disarm suspicion and leading plaintiff to believe that the dog, while sick, was altogether harmless.

Defendant's answers and evidence gave a different version of the occurrence, and there was allegation with evidence tending to fix plaintiff with contributory negligence.

From this I think it sufficiently appears that the action is brought upon the statute, and that, while the issues are not very aptly framed, they are broad enough to present the questions in dispute, and the verdict on the first issue in plaintiff's favor, when construed in reference to the charge of the court and the pleading and testimony, has established that plaintiff's case comes clearly within the statutory provisions.

This being true, I am of opinion that the issue as to contributory negligence and the testimony tending to establish it are irrelevant to the inquiry, and should be allowed no effect upon the result.

There are many decisions, here and elsewhere, upholding the proposition that, in certain instances, an action on a statute will be defeated by contributory negligence on the part of the claimant, but this, I apprehend, will be found in reference to statutes designed to control or in some way affect individuals in their social or domestic relationship to each other, and the principle has no place where a statute, peremptory in its terms, is in strictness a police regulation, having the protection of the public chiefly in view. Shearman and Redfield on Negligence (5th Ed)., sec. 62; *Indianapolis, etc., R. R. v. Townsend,* 10 Ind., 38; *McCall v. Chamberlain,* 13 Wis., 637; *Flint and Pere Marquette R. R. v. Lull,* 28 Mich., 570. In this last case the statute required the railroads to construct fences and cattle-guards, etc., to prevent cattle from getting on the road, and contained the provision that "Until such fences and cattle-guards, etc., shall be duly made, such company, etc., shall be liable for all damages done to cattle, horses, or other animals thereon."

On recovery for such damages, the defense of contributory negligence was urged on the part of the company, and, in reference to this position, *Cooley, J.,* delivering the opinion, said: "There still remains the question, however, whether the railway company could be held liable if the plaintiff himself was guilty of contributory negligence. Were this a common-law action, it is clear that such contributory negligence would be a defense. *L. S. and M. S. R. R. Co. v. Miller,* 25 Mich., 274; *Corwin v. N. Y. and Erie R. R. Co.,* 13 N. Y., 46. But this is not a common-law action. It is an action given expressly by a statute, the purpose of which is not merely to compensate the owner of property destroyed for his loss, but to enforce against the railway company an obligation they owe to the public. The statute is a police regulation, adopted as much for the security of passengers as for the protection of property. *Corwin v. N. Y. and Erie R. R. Co.,* 13 N. Y., 46; *McCall v. Chamberlain,* 13

HOLTON v. MOORE.

Wis., 637; *Indianapolis, etc., R. R. Co. v. Marshall,* 27 Ind., 302; *Jeffersonville, etc., R. R. Co. v. Nichols,* 30 Ind., 321; *Same v. Parkhurst,* 34 Ind., 501. And the decisions may almost be said to be uniform that in cases like the present, arising under such statutes, the mere negligence of the plaintiff in the care of his property can constitute no defense. *Corwin v. N. Y. and Erie R. R. Co.,* 13 N. Y., 42; *Indianapolis, etc., R. R. Co. v. Townsend,* 10 Ind., 38; *Indiana Central R. R. Co. v. Leamon,* 18 Ind., 175; *McCall v. Chamberlain,* 13 Wis., 637; *Horn v. Atlantic, etc., R. R. Co.,* 35 N. H., 169; *Indianapolis, etc., R. R. v. Parker,* 29 Ind., 472; *Jeffersonville, etc., R. R. Co. v. Nichols,* 30 Ind., 321."

And so it is here. The Legislature, aware of the fearful nature of this disease of hydrophobia and recognizing the great danger of its communication and spread by rabid dogs, for the protection of the public have established these stringent regulations and provided in express terms that when an owner shall have reason to believe that his dog has been bitten by a mad dog, and shall neglect or refuse immediately to kill him, he shall forfeit and pay $50 to him who will sue therefor; shall be liable for all damages that any one shall suffer in his person or property, and shall be guilty of a misdemeanor. There is nothing said here about contributory negligence. The terms of the law are clear and peremptory, "shall be liable for all damages," and to permit the defense of contributory negligence would be to substitute the conduct of the plaintiff for the will of the Legislature as expressed in the statutes, and has no support in good reason or well considered precedent.

CLARK, C. J., concurs in this dissent.